McMILLAN, Judge.
The appellant was charged with delinquency in juvenile court, based on a charge of murder. He was found to be delinquent, following a hearing, and was committed to the Department of Youth Services until his 18th birthday. The appellant argues that the judge erred in committing him to the Department of Youth Services until his 18th birthday, contending that the order violates statutory authority. Although the State argues that the appellant’s failure to object on this ground waived the issue, this claim raises a question of the committing court’s jurisdiction and therefore requires no objection. See Ex parte Brannon, 547 So.2d 68 (Ala.1989).
*1322 The record indicates that the appellant was approximately fourteen years of age at the time of his commitment and, thus, was committed to the Department of Youth Services for approximately four years. The appellant argues that, pursuant to § 44-1-36, Code of Alabama (1975), the commitment was excessive; he argues that he could be properly committed for only two years. He bases his argument on § 44-l-36(g), which states:
“In the event that a youth has not been discharged [by the Department of Youth Services] prior to the expiration of two years from the date of the entry of the original commitment order, the department must request either:
“(a) The termination of the commitment order and the issuance of such other orders respecting the legal custody and continued supervision of the youth as may be warranted under the circumstances, or
“(2) The extension of the original order for a further specifically limited period of time, on the grounds that such extension is necessary for the welfare of the youth or for the public interest, such extension not to exceed the date upon which the youth will reach the age of 21 years.
“There must be a hearing at which the youth and his or her parent, guardian or counsel are present. The committing court shall have jurisdiction until the youth reaches his twenty-first birthday to issue an extension of its original commitment order. If the Department does not act as prescribed in this subsection, custody awarded by the commitment order is terminated, and such order as regards such youth has no further force and effect after the expiration of two years.”
Thus, from the clear language of the statute, the appellant is correct in arguing that after two years of commitment he is entitled to a hearing, following which his commitment period may be extended by the committing court or upon the Department of Youth Services’ request. Therefore, the committing court’s order violated statutory authority; this cause is remanded to the trial court for the entry of a commitment order in accordance with § 44-l-36(g), Code of Alabama (1975).
REMANDED WITH INSTRUCTIONS.
All Judges concur.
ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded to the trial court, which committed the appellant to the Department of Youth Services in order for the commitment order to be revised to comply with § 44-l-36(g), Code of Alabama (1975). That court has filed an order with this court, amending its original order to read that the appellant “is committed to the Care, Custody, and Control of the Department of Youth Services for a period of two years.” The order further set the case for a commitment review on December 10, 1990. Thus, the trial court’s order complies with § 44-l-36(g), Code of Alabama (1975).
OPINION EXTENDED; AFFIRMED.
All Judges concur.