This case is on remand from the Supreme Court of Alabama,461 So.2d 9, with instructions for this court to determine whether the State proved venue by circumstantial evidence. We answer in the affirmative.
Appellant Jimmy Lewis, alias Paul Stewart, was convicted of first degree rape on *Page 13 
March 22, 1983, by a Houston County jury. Appellant was subsequently sentenced to life imprisonment. On the original submission of this cause, we reversed and remanded due to our finding that the State failed to offer any evidence as to the material element of venue. The Alabama Supreme Court granted certiorari and reversed this court's judgment and remanded with instructions to determine if there was sufficient circumstantial evidence from which the jury could infer proper venue.
Appellant was convicted for the rape of Tamecia McCray, which occurred in September of 1983. Tamecia was five years old on the date of the alleged rape. Appellant was nineteen years old and he is Tamecia's uncle, on her father's side.
On the date in question, Tamecia had been visiting with her father, Charles Stewart, and accompanied him to the peanut field where he was employed at the time. These fields were located in Houston County and belonged to a Mr. Stringfellow. Appellant was also in the fields that day and had volunteered to go to the store for soft drinks. Tamecia asked her father if she could accompany appellant, and permission was granted. The record indicates that appellant and Tamecia first went to McCord's Bait and Tackle shop, located about one and one-half miles from the fields, in Houston County. Mr. McCord, owner of the bait shop, testified that Tamecia and appellant had patronized his shop and had been there approximately "five or six, maybe seven minutes" that day.
Tamecia testified that on the way back to the fields appellant stopped the car, both got out; appellant took Tamecia's clothes off; put her on the hood of the car; then appellant engaged in sexual intercourse with the five-year-old child. Appellant told Tamecia not to say anything to anybody about what had happened. Tamecia and appellant returned to the fields approximately fifteen minutes after they departed and Tamecia testified they took the same route back that they had taken originally.
It was not until mid-October that Tamecia told her mother what her uncle had done while she had been visiting her father. Mrs. McCray took Tamecia to the hospital; it was determined that her hymen had been ruptured, and tests for Neisseria Gonorrhea proved positive. Subsequent tests done on appellant produced a positive test result for the same type gonorrhea.
Appellant contends that there is no evidence as to the location of the incident from anyone who had any personal knowledge of the facts, nor was there evidence describing a location with sufficient particularities as to make it distinguishable from any other area. It is apparently appellant's contention that because the locus of the events in question was at or near the Henry County line, venue was not sufficiently established in Houston County.
We have thoroughly reviewed the record and initially note that there is no evidence that the events took place outside of Houston County. Tamecia testified that she and appellant traveled the same road to and from the bait shop. Tamecia, being six years old at the time of trial, was not cognizant of county boundary lines and could not be expected to know where such incorporeal boundaries lay. John McCord testified that the Stringfellow property, upon which the peanut fields were located, was approximately one and one-half miles from his bait shop. He testified that his shop and the peanut fields were both located in Houston County. Mr. McCord also stated on cross-examination that the Henry County line was either a mile and one-half or four miles, depending upon which direction one takes, from his bait shop. Charles Stewart testified that the bait shop and the peanut fields were both located in Houston County and the tendency of the evidence is that the Stringfellow property is located north of the bait shop.
We are told that the county line is either one and one-half or four miles from the bait shop, but we are not told in which direction one must go. We are told that the peanut fields are in Houston County, approximately one and one-half miles north of the bait shop, but we are not told where the county line is located in relation to the *Page 14 
peanut fields. On appellant's motion to exclude the State's evidence, counsel for appellant stated:
 "[T]he county line was a mile away or a mile and a quarter away, the farm was north, McCord's store was north, the Henry county line is north of the store. . . . There is no evidence, circumstantial or otherwise to present to the jury. The proximity of Henry County and the store, I mean, it's so close, there's just no evidence."
Evidently all the locations pertinent to this cause are located in the northern part of Houston County near the Henry County line. There is no evidence that any of these locations are outside of Houston County. Appellant apparently contends that the rape could have occurred in Henry County if appellant drove north, past the peanut fields; raped Tamecia; and then drove south, back to the fields.
Charles Stewart testified that appellant and Tamecia were away from the fields approximately fifteen minutes. John McCord testified they were in his bait shop between five and seven minutes. This leaves eight to ten minutes unaccounted for. Appellant had to travel one and one-half miles to the bait shop and the same distance to return, over country roads, and stop at some point and rape Tamecia.
 "When the State offers evidence tending to show that the crime was committed within the jurisdiction of the court, the question of venue becomes one for the jury. . . . The inferences to be drawn from the evidence, when susceptible of more than one rational conclusion, are for the jury and not for this Court to determine."
Stokes v. State, 373 So.2d 1211, 1216-17 (Ala.Crim.App.), cert. denied, 373 So.2d 1218 (Ala. 1979) (citations omitted). Venue need not be proven by direct evidence, but evidence from which venue may be inferred is sufficient. Segars v. State,409 So.2d 1003 (Ala.Crim.App. 1982).
We conclude that there was ample evidence from which a jury could rationally infer that the rape of Tamecia McCray occurred in Houston County. In the entire testimony there is no evidence that any events occurred outside Houston County. Appellant offered no evidence showing that the crime was committed in Henry County. That the crime was committed in a county other than Houston is a bare possibility; that it was committed in Houston County is shown by circumstantial evidence with reasonable certainty. Obviously the exact spot where the rape took place is not shown by direct evidence; the jury could properly conclude from the testimony presented at trial that the rape occurred in Houston County. Harris v. State,395 So.2d 1063, 1068-69 (Ala.Cr.App. 1981), and cases cited therein.
We note that the jury could also find venue based on Alabama statutory law, § 15-2-7, Code of Alabama 1975. This section reads as follows:
 "When an offense is committed on the boundary of two or more counties or within a quarter of a mile thereof or when it is committed so near the boundary of two counties as to render it doubtful in which the offense was committed, venue is in either county."
(Emphasis added.)
Assuming that appellant drove past the peanut fields toward the Henry County line, and taking into consideration the time and distance involved, the offense would have been committed "so near the boundary" of the two counties as to render it doubtful as to the county in which the offense was committed. Thus §15-2-7, supra, would authorize a finding of venue in either county. It seems to us that the emphasized portion of § 15-2-7, supra, was made a part of the venue statute to provide for a finding of venue in close-call situations where the location of the county line is uncertain, or not subject to direct proof.
We have carefully reviewed the record of this cause, as directed by the Alabama Supreme Court, and determine that there was sufficient circumstantial evidence from which the jury could infer that the appellant committed the rape within Houston County or that the crime was committed so *Page 15 
close to the county line that jurisdiction could be in either county. This court having previously determined that the appellant did not waive his objection to venue, and having now determined that there was sufficient circumstantial evidence from which the jury could infer that the proper venue was in Houston County, the judgment of the trial court is therefore due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.