Vincent Lofton was indicted for reckless murder in violation of § 13A-6-2(a)(2), Code of Alabama 1975. The jury found appellant "guilty as charged in the indictment" and he was sentenced to twenty-one years' imprisonment.
At approximately 6:00 p.m. on the evening of September 14, 1985, Jody Coggins went to pick up Jennifer Gray at her house on Barber Drive in the Coleman Lakes area of McCalla, Alabama. The two were students at McAdory High School and had a date to watch the Alabama-Texas A M game that night at his aunt's house. After Coggins picked up Gray, he proceeded on Coleman Lakes Road to Fletcher Road and then on Lou George Loop Road. As the two were traveling on Lou George Loop Road, a car came over the hill in the wrong lane (Coggins' lane). Coggins applied the brakes and swerved to the left because there was a utility pole on the right side of the road. The two cars collided in the middle of the road. Coggins sustained numerous injuries in the accident and was hospitalized for several weeks. Gray was pronounced dead upon her arrival at Bessemer Carraway Medical Center. The driver of the other car was determined to be this appellant. He was ultimately transported to University Hospital for treatment of his injuries.
Immediately before the collision occurred, Rhonda Farley, Debbie Farley and Jenny Hyde were walking along Lou George Loop Road. They heard a car coming and then saw the appellant's car move from the middle of the road to the wrong lane. Debbie Farley turned around and saw Coggins' car in the correct lane and turned away to avoid seeing the collision. Shortly after the appellant's car passed them, the girls heard a crash. Debbie Farley went to the crash site and saw a beer can fall out of the appellant's car. The appellant was lying in the road. She went over to the other car and saw Coggins and Gray in the car. She recognized the two from school. She then went to a house to call an ambulance.
Glen William Lyle, a deputy with the Jefferson County Sheriff's Department Bessemer Division, arrived at the scene shortly after the accident occurred. He looked in the appellant's car and saw two unopened beer cans lying on the seat. There was a strong smell of alcohol in the vehicle.
Lyle's investigation revealed that the collision took place towards the center line of the road. Coggins was in the proper lane when his brakes were applied. The tire marks left by the appellant's vehicle were consistent with the cutting of the tires to return to the proper lane.
James O. Duke, a detective with the Jefferson County Sheriff's Department, also participated in the investigation of this accident. When he examined the appellant's vehicle at the scene, he smelled alcohol inside the vehicle and saw two or three beer cans inside. Duke also found an opened beer can beside the appellant's vehicle. The can was cool and there was some beer still in the can. It was the same *Page 139 
type of beer that was found inside the appellant's vehicle.
Around 9:00 p.m., Duke went to University Hospital and obtained blood samples from both Coggins and the appellant. These samples were tested for blood alcohol content. The result of the appellant's test was .21. There was no evidence of ethyl alcohol found in Coggins' blood.
Both the ambulance attendant at the scene and the emergency room doctor at Bessemer Carraway (where the appellant was initially transported) smelled alcohol on the appellant.
The appellant presented several witnesses who testified that they did not see the appellant drinking on the day of the accident. He also introduced several character witnesses.
The appellant stated he drank five beers at a party on the night before the accident. He had a hangover when he woke up that morning and drank a few more beers. He stated he did not drink any more that day.
The appellant testified that he was driving on Lou George Loop Road that night when Coggins' vehicle hit him in the wrong lane.
 I
The appellant contends that the evidence was insufficient to sustain his conviction for murder and thus, he should have been convicted of manslaughter or criminally negligent homicide. "A person commits the crime of murder if . . . (2) Under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person." Ala. Code, § 13A-6-2(a)(2) (1975). "A conviction for murder resulting from a homicide caused by the driving of an automobile is authorized where there is sufficient evidence to warrant a finding by the jury either that the accused intentionally caused the collision or that he was conscious of his acts, conscious of the impending danger surrounding him, and conscious of the probable results of his acts, and, then, with reckless indifference to the probable consequences of his acts, brought about the collision and death of the deceased. Jolly v. State, 395 So.2d 1135
(Ala.Crim.App. 1981)." Smith v. State, 460 So.2d 343 (Ala.Crim.App. 1984).
The evidence here shows that the appellant was intoxicated and was driving on the wrong side of the road when this collision occurred. The facts in this case are sufficient to sustain the appellant's conviction for murder.
 II
The appellant asserts that the trial judge improperly charged the jury on vehicular homicide. He states that the charge was incorrect because vehicular homicide is not a lesser included offense of murder, citing Whirley v. State, 481 So.2d 1151
(Ala.Crim.App. 1985), writ. quashed, 481 So.2d 1154 (Ala. 1986).
In Ex parte Jordan, 486 So.2d 485 (Ala. 1986), the Supreme Court held that, under certain factual circumstances, vehicular homicide is a lesser included offense of murder. We do not need to determine whether vehicular homicide was a lesser included offense under the facts of this case because this appellant was not harmed by the charge. The appellant was convicted of murder, not vehicular homicide. Thus, even if the charge on vehicular homicide was improper, it did not affect the outcome of the case. See Jordan, supra (failure to charge jury on offense of vehicular homicide, which was proper under the facts, held not error where the defendant was convicted of murder and therefore, the charge on vehicular homicide would not have changed the outcome of the case).
Furthermore, there was no objection to the court's oral charge on this offense. Thus, the trial judge did not err to reversal by charging the jury on the offense of vehicular homicide. See Allen v. State, 414 So.2d 989 (Ala.Crim.App. 1981), affirmed, 414 So.2d 993 (Ala. 1982).
 III
The appellant claims that he was a victim of selective prosecution because he *Page 140 
was charged with reckless murder rather than manslaughter, criminally negligent homicide or vehicular homicide. The appellant offers us no support for this claim other than the blanket statement that the "overwhelming majority" of similar cases are prosecuted under the manslaughter statute. We disagree. In Doss v. State, 484 So.2d 1156 (Ala.Crim.App. 1985), cert. denied, 484 So.2d 1156 (Ala. 1986), the defendant was charged with and convicted of the murder of a woman, who was killed when the vehicle in which she was riding was struck by the defendant's vehicle. The defendant's vehicle was in the wrong lane at the time of the collision. There was evidence that the defendant had been drinking prior to the accident. This case also occurred in the Bessemer Division of Jefferson County.
Thus, we find no evidence that the appellant was the victim of selective prosecution.
 IV
The appellant contends that venue was never established in this case and, therefore, the court did not have jurisdiction in this case. This argument is totally without merit.
Officer Lyle testified that the accident occurred within the Bessemer Division of Jefferson County (R. 154). Furthermore, there were numerous references in the record from which the jury could infer that the accident occurred in the Bessemer Division of Jefferson County. Venue may be proven by circumstantial evidence as well as by direct evidence.Lewis v. State, 461 So.2d 12 (Ala.Crim.App. 1984); Ex parteLewis, 461 So.2d 9 (Ala. 1984).
Here venue was established by direct and circumstantial evidence. There is no error here.
 V
During the examination of Rhonda Farley, she testified that the speed limit in the area where the accident occurred was 35 miles per hour. She was then asked if the appellant was traveling at, above, or below the speed limit when his car passed her. She testified that the appellant was going "above the speed limit" (R. 78).
During Debbie Farley's examination, she was asked if the appellant's car speeded up, slowed down or maintained the same speed as he passed her. She stated that the appellant's car "speeded up." (R. 114).
The appellant contends it was error to allow these two witnesses to testify concerning the speed of the appellant's vehicle immediately before the accident.
"The admission into evidence of the apparent speed or manner of operation of a vehicle prior to the time of an accident is a matter for the trial court's discretion. Washington v. State,473 So.2d 642 (Ala.Crim.App. 1985)." Powell v. State515 So.2d 140 (Ala.Crim.App. 1986). See also C. Gamble, McElroy'sAlabama Evidence, § 45.04 (3rd ed. 1977). The two witnesses testified to the appellant's speed seconds before the collision occurred. The trial judge did not abuse his discretion in this instance.
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.