Clyde Griggers, Jr., was charged with driving under the influence of alcohol in an Alabama Uniform Traffic Ticket and Complaint (UTTC). He was convicted of the offense in district court and he appealed to the Circuit Court of Escambia County. A solicitor's complaint was filed against him in the circuit court again charging him with DUI. The court, sitting without a jury, found him "guilty and sentenced him to 12 months in the county jail," with only 3 days to be served, and fined him $500. The appellant raises three issues in this appeal.
 I
The appellant contends that the State failed to prove venue. This argument has no merit. The record reveals that venue was established through the testimony of the state trooper who arrested the appellant, as follows: *Page 1099 
 "Q. And about 9:30 in the evening of December 5 where were you?
"MR. HARDEN: Ob — Withdrawn
 "A. On U.S. 31 between Bondurant Lumber Company area and the landfill.
"Q. What kind of vehicle were you in?
"A. A fully marked patrol vehicle.
 "Q. Do you remember what direction you were headed in at that time?
"A. Southerly direction, toward Atmore.
"Q. What county would this have been in?
"A. Escambia County, Alabama.
 "Q. When you were progressing in the southerly direction as you testified, did you have occasion to observe another vehicle on Highway 31 between the points you mentioned, Bondurant and the landfill?
"A. Yes Sir."
[R. 32-32] (emphasis supplied).
The trooper then testified as to what he observed. He followed the vehicle approximately a mile and a half before stopping it. This trooper observed the appellant driving under the influence of alcohol in Escambia County, Alabama, and, therefore, his testimony sufficiently established venue. Even if the trooper had crossed into another county during his pursuit of the appellant, the offense would have been committed in both counties and venue would lie in either county. Ala. Code § 15-2-6 (1975).
The court properly denied the appellant's motion for acquittal. There was also sufficient evidence for the judge, sitting as the factfinder, to find that venue was established. Even if venue had not been established by the above direct testimony, proof of venue is sufficient if it can be reasonably inferred by the factfinder from the facts and circumstances adduced. See Coleman v. State, 423 So.2d 276 (Ala.Crim.App. 1982); Segars v. State, 409 So.2d 1003 (Ala.Crim.App. 1982).
 II
The appellant next contends that he was deprived of his right to due process because the complaint did not properly put him on notice of the charges against him. In order for an indictment (or in this case a complaint) to satisfy the requirements of due process, it must identify the accusation so that the accused is not tried for an offense different from the offense which is intended; it must enable the defendant to prepare a defense; and it must protect against double jeopardy and enable the court to pronounce judgment on the record.Talley v. City of Clanton, 495 So.2d 1165 (Ala.Crim.App. 1986); Summers v. State, 348 So.2d 1126 (Ala.Crim.App.),cert. denied, 348 So.2d 1136 (Ala.), cert. denied,434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773 (1978). Based on these guidelines, the complaint was clearly sufficient to apprise the appellant of the charge against him and to safeguard against double jeopardy and improper judgments. Furthermore, even if there was a defect in the complaint, the appellant was not substantially prejudiced thereby. See A.R.Crim.P.Temp. 15.5(c)(2). The appellant failed to properly preserve his argument that he was prejudiced by the use of a superseded UTTC. Vinzant v. State, 462 So.2d 1037 (Ala.Crim.App. 1984).
 III
The appellant finally contends that he was prejudiced by the statement "1 charge of DUI on record; reduced," which appeared on the UTTC. The record reveals that the appellant brought this to the trial court's attention at a hearing immediately prior to the trial. The trial judge was also the trier of fact. An accused cannot invite error and seek to profit thereby by his own voluntary conduct. Spears v. State, 428 So.2d 174
(Ala.Crim.App. 1982); Murrell v. State, 377 So.2d 1102
(Ala.Crim.App.), cert. denied, 377 So.2d 1108 (Ala. 1979).
The appellant contends that, since the UTTC was in the court file, the judge would have to see it. The record reveals, however, that the trial judge stated that, if the State attempted to introduce the UTTC, he would sustain the objection. Therefore, it is clear that the trial judge did not consider this evidence in his deliberations as the trier of fact because he believed the *Page 1100 
evidence to be inadmissible. See Richmond v. State,437 So.2d 612 (Ala.Crim.App. 1983). Furthermore, even if this evidence had been introduced, such evidence would not have required a reversal, as the remaining evidence was uncontradicted and was sufficient to support the judgment. See DeGruy v. State,56 Ala. App. 521, 323 So.2d 406, cert. denied, 295 Ala. 399,323 So.2d 411 (1975). The appellant has failed to demonstrate any error.
This record is free of error. The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, J., concurs in result only.