* Reporter of Decisions' note: The certiorari petition in the Supreme Court was filed under the name "William Earl Avery/Averitte."
The appellant, William Earl Avery, was convicted of selling cocaine, a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced as a habitual offender to 15 years in prison. This sentence was further enhanced by § 13A-12-250, Code of Alabama 1975, because the sale of the controlled substance occurred near a school.
The appellant does not raise the issue of the sufficiency of the evidence on appeal; thus, we will recite the facts briefly. The state's evidence tended to show that an individual sold an undercover narcotics investigator one fourth ounce of cocaine on January 26, 1990. The agent identified the appellant as the individual who sold him the cocaine. The appellant raises two issues on appeal.
 I
The appellant initially argues that the state failed to prove that the sale occurred in Calhoun County. Specifically, the appellant contends that the state failed to prove venue, and thus, he argues, his conviction cannot stand. "To preserve an issue concerning venue (or lack thereof), the challenging party must object before a verdict is reached." Kelley v. State,568 So.2d 405, 407 (Ala.Cr.App. 1990). The appellant has preserved this issue for review by making a motion for directed verdict after the state's case alleging that the state failed to prove venue.
In the present case, there were numerous instances during the testimony of Officer Taggert, a narcotics investigator with the Tuscaloosa County Sheriffs Department, in which he makes reference to Calhoun County. Taggert specifically stated that he was called into Calhoun County to investigate drug activity in the Anniston area. "Venue may be established by the testimony of one witness." Wilson v. State, 384 So.2d 1243,1245 (Ala.Cr.App. 1980). Circumstantial as well as direct evidence is sufficient to prove venue. See Lofton v. State,515 So.2d 137 (Ala.Cr.App. 1987). Venue has been sufficiently established if it can be "reasonably inferred by the factfinder from the facts and circumstances adduced." Griggers v. State,560 So.2d 1098, 1099 (Ala.Cr.App. 1989). See also Lewis v.State, 461 So.2d 12 (Ala.Cr.App. 1984).
The testimony of Officer Taggert was sufficient to prove venue. No error occurred here.
 II
The appellant also claims that the trial court committed reversible error in allowing a tape recording of the drug transaction to be received into evidence. We do not agree. *Page 1315 
 "This court, in Molina v. State, 533 So.2d 701
(Ala.Cr.App. 1988), abolished the rigid prerequisites necessary for establishing a chain of custody for receiving a tape recording into evidence. Now, all that is required is to show that the recordings are 'reliable representations of the subject sound.' Ross v. State, 555 So.2d 1179, 1182
(Ala.Cr.App. 1989)."
Jackson v. State, 582 So.2d 598, 600 (Ala.Cr.App. 1991).
Officer Taggert testified that the tape recording was a recording of the drug transaction between him and the appellant. The voices on the tape were his and the appellant's. The appellant maintains that because parts of the tape recording were inaudible, the tape should not have been received into evidence. The fact that parts of the tape recording were inaudible would not affect the admissibility of the recording but the weight which the jury places on the evidence. See Ross, supra; Compare Bridges v. State,516 So.2d 895 (Ala.Cr.App. 1987).
The trial court acted correctly in allowing the tape recording of the transaction to be received into evidence.
For the reasons stated above, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.