The appellant, Sidney May, was convicted, after a trial without a jury, of robbery in the third degree, in violation of § 13A-8-43(a)(1), Code of Alabama 1975. He was sentenced as a habitual offender to 25 years' imprisonment.
The appellant argues that he was improperly sentenced because the State failed to give him notice of intent to proceed under the Alabama Habitual Felony Offender Act prior to sentencing, as required by A.R.Cr.P.Temp. 6(b)(3)(ii). A.R.Cr.P. 26.6(b)(3)(ii) (formerly A.R.Cr.P.Temp. 6(b)(3)(ii)) states: "At a reasonable time prior to the hearing, the defendant shall be given notice of the prior conviction or convictions upon which the State intends to proceed." The first discussion of the Habitual Felony Offender Act occurred during the colloquy between the trial court and defense counsel that ensued when the trial court asked if there was any reason why judgment and sentence should not be imposed upon the appellant. The record is simply devoid of any evidence that the State gave notice to the appellant that it intended to proceed under the Habitual Felony Offender Act.
The appellate courts have recently held that "the Habitual Felony Offender Act cannot be applied if the defendant was not given proper notice before the first sentencing hearing."Jackson v. State, 566 So.2d 758, 760 (Ala. 1990); see also Exparte Williams, 510 So.2d 135 (Ala. 1987); Hugley v. State,581 So.2d 11 (Ala.Cr.App. 1991); Hayes v. State, 588 So.2d 502
(Ala.Cr.App. 1991). Although the appellant failed to object to the lack of notice at the sentencing hearing, such an objection is not required at the trial level in order to preserve that issue for appellate review "when a sentence is clearly illegal or is clearly not authorized by statute. . . ." Ex parteBrannon, 547 So.2d 68, 68 (Ala. 1989); see also Hugley v. State;Hayes v. State.
"Because the appellant did not receive notice of any prior felony conviction[s] before his first sentencing hearing, he should not have been sentenced as a habitual felony offender."Hugley v. State, 581 So.2d at 14 (citations omitted). "Upon resentencing, a trial court may consider, for purposes of the Habitual Felony Offender Act, only those prior convictions of which the defendant received proper notice." Id. at 14. Because the appellant did not receive notice of the state's intent to use any of his prior convictions, he must be resentenced as a first-time offender. While we are aware of our holding inNesbitt v. State, 531 So.2d 37 (Ala.Cr.App. 1987), that receipt of the presentence report is notice of the State's intent to proceed under the Habitual Felony Offender Act, the record does not reflect that the appellant received a copy of the presentence report.
Appellant's 25-year sentence is set aside, and this cause is remanded to the trial court with directions that the appellant be sentenced as a first time offender for the offense of robbery in the third degree.
REMANDED WITH DIRECTIONS.
All Judges concur. *Page 174