The appellant was convicted of receiving stolen property in the first degree, in violation of § 13A-8-17, Code of Alabama
1975. He was sentenced to 15 years' imprisonment, pursuant to the Alabama Habitual Felony Offender Act.
 I
The appellant argues that the trial court erred in denying his motion for a judgment of acquittal because the State failed to present sufficient evidence to sustain his conviction of receiving stolen property.
Section 13A-8-16, Code of Alabama 1975, provides the following definition for the offense of receiving stolen property:
 "(a) A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner.
 "(b) If a person . . . [o]n two separate occasions within a year prior to the commission of the instant offense of receiving stolen property is found in possession or control of stolen property; or . . . [p]ossesses goods or property which have been recently stolen; or [r]egularly buys, sells, uses or handles in the course of business property of the sort received, and acquired the property without making reasonable inquiry whether the person selling or delivering the property to him had a legal right to do so, this shall be prima facie evidence that he has the requisite knowledge or belief.
 "(c) The fact that the person who stole the property has not been convicted, apprehended or identified is not a defense to a charge of receiving stolen property."
Section 13A-8-17, Code of Alabama 1975, states:
 "(a) Receiving stolen property which exceeds $1,000.00 in value constitutes receiving stolen property in the first degree.
 "(b) Receiving stolen property in the first degree is a Class B felony." *Page 378 
The evidence presented by the State tended to show the following. Mr. James Roden testified that on July 29, 1991, he drove his 1985 Chevrolet Blazer vehicle to John Young Motor Company, located in Montgomery, Alabama, for repairs. Roden testified that on July 30, 1991, he was informed by the management at John Young Motors that his vehicle had been stolen from its car lot. Roden testified that he had paid $10,000 for the "used" vehicle. Grady Hicks, owner of Hicks Auto Parts Company, testified that he was at his place of business on Lower Wetumpka Road on the morning of July 29, 30, or 31, 1991, and that on one of those mornings, the appellant approached him, wanting to sell him some tires and rims. Hicks testified that the appellant was driving a 1985 Chevrolet Blazer. Hicks further testified that, after agreeing to buy the tires and rims, he became suspicious when the appellant presented what appeared to be a false identification card from the State of Florida. Hicks testified that he wrote the license number of the vehicle as the appellant drove away and that he called to check the number with the Montgomery County Sheriff's Department. The Sheriff's Department told him that the vehicle bearing that license number had been reported as stolen. Hicks testified that he identified the appellant from a photographic spread supplied by the Montgomery Sheriff's Department. Detective W.D. Ledford, of the Montgomery Sheriff's Department, testified that Mr. Hicks identified the appellant from a "mug book" as the driver of the 1985 Chevrolet Blazer that had been reported stolen by Mr. Roden. Officer Ledford further testified that the vehicle was found abandoned at a United States postal office in Montgomery.
In Berry v. State, 597 So.2d 730, 733-34 (Ala.Cr.App. 1992), this court held:
 "Section 13A-8-16, Code of Alabama, provides that the accused's 'possess[ion of] goods or property which have been recently stolen . . . shall be prima facie evidence that he has the requisite knowledge or belief.' The concept of 'possession,' for purposes of the receiving stolen property statute, implies control. 'It is undoubtedly true that, in order to sustain a conviction for receiving stolen property, the defendant must be shown to have had a control over the property.' Booker v. State, 151 Ala. 97, 99, 44 So. 56, 56 (1907). See also Milam v. State, 240 Ala. 314, 317, 198 So. 863, 865 (1940) ('[t]he defendant must be shown to have had control over the property for an appreciable moment of time'); Martin v. State, 461 So.2d 1340, 1342
(Ala.Cr.App.), cert. denied, 461 So.2d 1343
(Ala. 1984). However, '[a]ctual physical control is not necessary to establish possession. Possession is to be determined by examining all of the surrounding circumstances.' Cheatham v. State, 431 So.2d 1350, 1354 (Ala.Cr.App. 1983).
". . . .
 "Most of the elements necessary to establish a prima facie case of receiving stolen property 'are shown by circumstances from which the jury, using their everyday common sense, must draw their conclusion.' Ingle v. State, 400 So.2d 938, 940
(Ala.Cr.App. 1981). In a prosecution for receiving stolen goods, '[c]ourts and juries must use common observation as well as a common knowledge of the usual acts of men and women under the given circumstances in considering the weight to be given evidence.' Tombrello v. State, 431 So.2d 1355, 1358
(Ala.Cr.App. 1983)."
See also Green v. State, 599 So.2d 631 (Ala.Cr.App. 1991) (emphasis omitted).
Thus, the fact that the appellant was seen driving a recently stolen vehicle provided the jury with sufficient circumstantial evidence to convict the appellant of the charged offense.
 II
The appellant argues that the trial court erred in denying his motion for a judgment of acquittal on the grounds that the State failed to establish a proper venue for the charged offenses. The appellant's argument is without merit.
As stated in Part I of this opinion, James Roden testified that he owned a 1985 Chevrolet Blazer, which was stolen from the car lot of John Young Motors, in Montgomery, Alabama, and Grady Hicks testified that the appellant approached him at his place of business, Hicks Auto Parts, in Montgomery, *Page 379 
Alabama, in an attempt to sell him tires and rims.
In Avery v. State, 589 So.2d 1313, 1314 (Ala.Cr.App. 1991), this court stated:
 " 'Venue may be established by the testimony of one witness.' Wilson v. State, 384 So.2d 1243, 1245
(Ala.Cr.App. 1980). Circumstantial as well as direct evidence is sufficient to prove venue. See Lofton v. State, 515 So.2d 137 (Ala.Cr.App. 1987). Venue has been sufficiently established if it can be 'reasonably inferred by the factfinder from the facts and circumstances adduced.' Griggers v. State, 560 So.2d 1098, 1099 (Ala.Cr.App. 1989). See also Lewis v. State, 461 So.2d 12
(Ala.Cr.App. 1984)."
Here, the jury could reasonably infer from the testimony of James Roden and Grady Hicks that the crime occurred in Montgomery County, Alabama. Thus, venue was proper in Montgomery County.
 III
The appellant argues that the trial court erred in failing to grant his motion for a mistrial based on the State's reference in its opening statement to charges filed against him subsequent to the charge for which he was being tried. This issue is not preserved for appellate review, however, because the appellant failed to obtain an adverse ruling at the trial level. Jackson v. State, 579 So.2d 43 (Ala.Cr.App. 1991);Bradley v. State, 577 So.2d 541 (Ala.Cr.App. 1990).
 IV
The appellant argues that the trial court committed reversible error in sentencing him under the Alabama Habitual Felony Offender Act because, he says, the State failed to give him notice, prior to sentencing, of its intent to proceed under the Act, as required by Rule 26.6(b)(3)(ii) and (iii), A.R.Cr.P. (formerly Rule 6(b)(3)(ii) and (iii), A.R.Cr.P.Temp.). This rule states:
 "(ii) At a reasonable time prior to the hearing, the defendant shall be given notice of the prior conviction or convictions upon which the state intends to proceed.
 "(iii) At the hearing, the burden of proof shall be on the state to show that the defendant has been convicted of a previous felony or felonies. Evidence may be presented by both the state and the defendant as to any matter the court deems relevant to the application of the law. In determining disputed facts, the court shall use the standard of proof beyond a reasonable doubt. If at the hearing the defendant disputes any conviction presented by the state, the court may allow the state to present additional evidence of the disputed conviction, either by way of rebuttal or at a future time to be set by the court. If the state fails to meet its burden of proof to establish one or more prior felony convictions, then the defendant shall not be sentenced as a habitual offender."
The record reveals that the first discussion of the Habitual Felony Offender Act occurred during the following colloquy between the trial court and the State, at the sentencing hearing, before the actual imposition of sentence:
 "THE COURT: State vs. James Sheridan Knight. This is a sentencing?
"[Defense counsel]: Yes, Your Honor.
"THE COURT: Does he have any priors?
"[Prosecutor]: Yes, sir; he has three.
"THE COURT: Have you got your certifieds?
"[Prosecutor]: No, sir.
 "THE COURT: All right, we'll put this off until 1:00 o'clock.
"AFTERNOON SESSION
 "THE COURT: All right, we'll proceed with the sentencing of Mr. Knight. Do you have anything to say why the sentence of law should not now be imposed on you?
"DEFENDANT: No.
 "THE COURT: Under the Habitual Offender Law the Court sentences you to 15 years in the penitentiary; order that you pay court costs, attorney's fees, $50.00 to the Victims' Compensation Fund. Is there any restitution?"
The record is devoid of any evidence that the State, before the sentencing hearing, gave notice to the appellant that it intended to proceed under the Habitual Felony Offender Act. However, even assuming, arguendo, *Page 380 
that the appellant was given proper notice of the State's intent to proceed under the Act, the State failed to prove the appellant's prior convictions. No evidence was presented at trial of any prior felony convictions of the appellant.
 "The appellate courts have recently held that 'the Habitual Felony Offender Act cannot be applied if the defendant was not given proper notice before the first sentencing hearing.' Jackson v. State, 566 So.2d 758, 760 (Ala. 1990); see also Ex parte Williams, 510 So.2d 135
(Ala. 1987); Hugley v. State, 581 So.2d 11
(Ala.Cr.App. 1991); Hayes v. State, 588 So.2d 502
(Ala.Cr.App. 1991). Although the appellant failed to object to the lack of notice at the sentencing hearing, such an objection is not required at the trial level in order to preserve that issue for appellate review 'when a sentence is clearly illegal or is clearly not authorized by statute. . . .' Ex parte Brannon, 547 So.2d 68, 68 (Ala. 1989); see also Hugley v. State; Hayes v. State.
 " 'Because the appellant did not receive notice of any prior felony conviction[s] before his first sentencing hearing, he should not have been sentenced as a habitual felony offender.' Hugley v. State, 581 So.2d at 14 (citations omitted). 'Upon resentencing, a trial court may consider, for purposes of the Habitual Felony Offender Act, only those prior convictions of which the defendant received proper notice.' Id. at 14. Because the appellant did not receive notice of the state's intent to use any of his prior convictions, he must be resentenced as a first-time offender. While we are aware of our holding in Nesbitt v. State, 531 So.2d 37 (Ala.Cr.App. 1987), that receipt of the presentence report is notice of the State's intent to proceed under the Habitual Felony Offender Act, the record does not reflect that the appellant received a copy of the presentence report."
May v. State, 586 So.2d 56, 57 (Ala.Cr.App. 1991). Here, as inMay, the record does not indicate that a presentence report was received by the appellant.
The appellant's 15-year sentence is set aside and this case is remanded to the trial court with directions to resentence the appellant as a first-time offender for the offense of receiving stolen property in the first degree. A return shall be made to this court reflecting a proper sentence within 60 days from the date of this opinion.
REVERSED AND REMANDED.
All Judges concur.