The Court of Criminal Appeals, 492 So.2d 671, summarily (with no opinion) affirmed Petitioner's conviction of third degree burglary and his sentence of 20 years' imprisonment.[1]
Pursuant to Rule 39(k), A.R.A.P., we granted certiorari to review two issues relating to the sentence: 1) Whether the trial court erred in not granting Petitioner's oral request for a pre-sentence investigation and report; and 2) whether the trial court erred in its application of the Habitual Offender Act. Although we find error as to the first issue, we do not find reversible error as to that issue. On the second issue, we reverse the sentence because it was improperly enhanced by the application of the Habitual Felony Offender Act.
Without any prior notice, the trial court proceeded immediately upon return of the jury verdict to pronounce sentence. Thereupon, defense counsel orally requested a pre-sentence investigation and report. This motion was summarily denied; the trial court again proceeded to inquire of the defendant whether he had anything to say as to why he should not be sentenced forthwith. Again, defense counsel moved the court for "one moment" to prepare a written motion for a pre-sentence investigation in compliance with Rule 6, Temporary Alabama Rules of Criminal Procedure.
We quote directly from the record:
 "MR. RATCLIFFE: Judge, we request a pre-sentence investigation. One thing I need to do is check with the judge's court reporter on that '79 case and see if she has any record of that.
 "THE COURT: You may address that issue on a motion for new trial. If you determine that you have evidence then I may reconsider the sentence at that time. The man is an habitual offender. The court records reflect that he is. Do you have anything to say as to why the sentence of law should not now be passed upon you?
 "MR. RATCLIFFE: Judge, if you would give me one moment I'll give you a written request for a pre-sentence investigation.
 THE COURT: I'm not handling a written request at this time. Your oral request is denied."
That the trial court erred in proceeding with the sentencing phase of the trial immediately after the jury's verdict of conviction is so clear as to merit but little, if any, discussion. The trial court's denial of defense counsel's request for "a moment" to present a written request for a pre-sentence report can hardly be excused as a discretionary ruling. To hold such a ruling to be within the court's discretion would be tantamount to requiring defense counsel to have a written motion for a pre-sentence investigation and report ready for immediate presentation to the court in the event the jury returned a verdict of conviction. No citation of authority is required to support the proposition that the law imposes no duty upon trial counsel, under these circumstances, to anticipate an unsuccessful defense of his client. Our holding of error, therefore, is not based upon anabuse of discretion, but upon the *Page 220 
convicted defendant's right, as a matter of law, to be given a reasonable opportunity to present in writing his motion for a pre-sentence report.
Yet, despite our unequivocal holding that the trial court erred in its denial of that opportunity, we nonetheless decline to reverse on that ground. The trial court left open to the defendant the post-trial opportunity to request reconsideration in the event he wished to present matters in mitigation of the sentence.
Defendant contends that any further opportunity was restricted to his refuting the prior felony conviction offered by the State for impeachment during the guilt phase of the trial. We disagree. Defendant was free to make any showing he wished, bearing upon any material factors for the trial court's consideration in passing sentence. Without some showing of mitigating circumstances, we are unable to pass upon the materiality or practical worth of ordering a new sentencing hearing. Rule 45, A.R.A.P.
The harmless error rule finds its legitimate expression in the context of an absence of any showing that the aggrieved party is prepared to materially affect the outcome upon remand of the cause. For example, a litigant whose propounded question to a witness is precluded by an erroneous ruling is entitled to a reversal only upon an offer of proof of material evidence. It is not enough that the question calls for admissible evidence and thus that the ruling precluding an answer is error. The reviewing court will not reverse unless either the answer, containing material evidence, is apparent or the appealing party places upon the record an offer of proof of such evidence. Otherwise, the reviewing court will apply the harmless error rule, rather than speculate upon the materiality of the witness's answer. See Davis v. Davis,474 So.2d 654 (Ala. 1985). In like manner, we apply the harmless error rule to the instant situation.
We are aware, of course, that, ordinarily, a post-trial motion is not a prerequisite to an appeal in a criminal case; but, under these circumstances, a motion to reconsider the judgment of sentence was a viable vehicle to foreclose the application of the harmless error rule by placing on the record for appellate review factors in mitigation of the sentence.
With respect to the application of the Habitual Felony Offender Act, however, we are of the opinion that the trial court committed reversible error. While the application of the Habitual Offender Act is statutorily stated in mandatory, and not discretionary, terms, it, along with implementing rules of court, also prescribes certain triggering requisites. Section13A-5-10(a) (the subsection immediately following the recidivist provision) provides:
 "The court may conduct a hearing upon the issue of whether a defendant is a repeat or habitual offender under section 13A-5-9, according to procedures established by rule of court."
Rule 6(b)(3), Temp.A.R.Crim.P., provides, in part:
 "(i) In any case involving an alleged habitual offender . . . after a determination of guilt, the trial court on its own motion, or on a motion of the district attorney or other prosecutor, or on motion of the defendant, shall hold a hearing at a date to be set by the court, if such hearing is necessary in order to establish the alleged prior conviction or convictions in the record.
 "(ii) At a reasonable time prior to the hearing the defendant shall be given notice of the prior conviction or convictions upon which the state intends to proceed."
It is not an acceptable answer that the defendant was put on notice that the State was proceeding against him under the recidivist statute when the State, for impeachment purposes, introduced evidence of a prior felony allegedly committed by him. The purpose of the Rule's notice and hearing requirements, where, as here, the defendant does not admit the alleged prior convictions, is to test the propriety of the enhancement of the sentence pursuant to the Act. Questions of authenticity of the record of conviction; identity of the accused; and whether the accused was represented *Page 221 
by counsel upon his prior felony convictions, are all proper inquiries leading to the appropriate application of the Act. These prescribed deficiencies are compounded by the trial court's denial of a pre-sentence report.
While, as we have stated, the denial of a pre-sentence report, under these circumstances, is not reversible error (and thus the defendant would properly have been sentenced to at least 10 years for the instant offense of third-degree burglary), the absence of such a report is a contributing factor in our holding of reversible error in the trial court's application of the Habitual Felony Offender Act. Indeed, although it is not a direct basis for reversal, the error in failing to give the defendant reasonable notice of the application of the Habitual Felony Offender Act, or to continue the sentencing, is further compounded by the trial court's granting of the State's request for a recess, during the trial, to obtain material with which to impeach the defendant.
Because the trial court sentenced the defendant pursuant to the Habitual Felony Offender Act to 20 years' imprisonment (the maximum allowable for a Class B offense), without complying with the notice requirements, the judgment of sentence is reversed and the cause is remanded to the Court of Criminal Appeals for its remand to the circuit court for resentencing pursuant to § 13A-7-7(b), § 13A-5-6(a)(3), and Rule 6(a), (b)(1), (2), and (c), Temp.Ala.R.Crim.P. See Ex parteWilliams, 510 So.2d 135 (Ala. 1987). Stated otherwise, under these circumstances, the Habitual Felony Offender Act cannot be applied.
JUDGMENT OF SENTENCE REVERSED AND CAUSE REMANDED.
All the Justices concur except TORBERT, C.J., not sitting.
[1] Code 1975, § 13A-7-7(b), designates third-degree burglary as a Class C felony and § 13A-5-6(a)(3) prescribes the authorized sentence as 1 year and 1 day to 10 years. Section 13A-5-9(a)(1) provides that one convicted of a Class C felony who "has been previously convicted of a felony" must be punished as for a Class B felony — 2 to 20 years, §13A-5-6(a)(2).