AFTER REMANDMENT
BOWEN, Judge.
This Court affirmed the defendant’s conviction for the unlawful possession of phen-termine hydrochloride without published opinion. Brannon v. State, 524 So.2d 387 (1988). The only issue raised was whether or not the trial court ascertained the factual basis for the crime in accepting the defendant’s guilty plea.
On certiorari, the Alabama Supreme Court reversed and held that the defendant was incorrectly sentenced. Ex parte Brannon, 547 So.2d 68 (Ala.1989). Therefore, as directed in Ex parte Brannon, this cause is remanded to the circuit court for a *70 new sentencing proceeding. The defendant should be sentenced under the sentencing provisions of Alabama’s Controlled Substances Act and not under the Habitual Felony Offender Act. Ex parte Chambers, 522 So.2d 313 (Ala.1987).
REMANDED WITH DIRECTIONS.
All Judges concur.
ON RETURN TO REMAND
BOWEN, Judge.
On remand, a new sentencing hearing was held. The improper sentence of twenty years’ imprisonment was set aside as ordered in Ex parte Brannon, 547 So.2d 68 (Ala.1989), and the defendant was properly sentenced to ten years’ imprisonment.
The judgment of the circuit court is affirmed.
OPINION EXTENDED;
AFFIRMED.
All Judges concur.