Bobby Lockett was convicted of manslaughter on October 8, 1985, by a Mobile County jury. His conviction and 99-year sentence were affirmed by the Court of Criminal Appeals, without opinion. Lockett v. State, 502 So.2d 402 (Ala.Cr.App. 1986). Later, he appealed to that court a denial of a post-conviction petition for relief from judgment. The Court of Criminal Appeals affirmed, without opinion. Lockett v. State,541 So.2d 84 (Ala.Cr.App. 1988). We issued the writ of certiorari to review the following issues:
 1) Whether the trial court erred in dismissing Lockett's Rule 20, Temp.A.R.Crim.P., petition without a hearing.
 2) Whether Lockett's claim of ineffective assistance of counsel should have been reviewed in a Rule 20 hearing.
 3) Whether the trial court's sentence exceeded the maximum authorized by law, and, if so, whether the trial court should have granted Lockett's Rule 20 petition.
The facts necessary for an understanding of this case are as follows:
On April 18, 1988, Lockett filed a pro se petition for relief from conviction or sentence pursuant to Rule 20. Lockett stated in the petition the following:
1) That he had been convicted of manslaughter in a jury trial in Mobile County;
2) that he was sentenced to 99 years in prison;
3) that the conviction had been affirmed by the Court of Criminal Appeals;
4) that there were no other petitions, applications, or motions regarding this judgment pending in any federal or state court; and
5) that he had filed nothing in state court attacking his conviction, other than his appeal to the Court of Criminal Appeals. *Page 1047 
In his petition, Lockett argued the following grounds for relief:
1) That the sentence imposed by the trial court exceeded the maximum authorized by law, or was otherwise not authorized by law;
2) that his constitutional right to due process of law was violated by what he alleged to be the state's failure to give reasonable notice of its intent to have him sentenced as a habitual offender; and
3) that he was denied the effective assistance of counsel when he was sentenced as a habitual offender because his court appointed attorneys were unfamiliar with his prior convictions and, therefore, were unprepared.
The state filed a response alleging that the petition did not have the specificity required by Rule 20.6(b), Temp.A.R.Crim.P., and moved that the petition be dismissed.
Lockett opposed the state's response by asserting that the state's answer and motion were insufficient because, he said, they failed to refute adequately the merits of the claims, and, therefore, that the allegations of his petition must be taken as true. He cited Ex parte Floyd, 457 So.2d 961 (Ala. 1984), in support of his contentions.
On May 4, 1988, the Circuit Court of Mobile County denied Lockett's petition without a hearing. The Court of Criminal Appeals affirmed.
 I
Lockett first urges this Court to adopt the common law rules regarding the writ of error coram nobis as precedent for interpreting Rule 20 petitions. Lockett suggests that Rule 20.4 and Rule 20.9, if read together, intimate that the writ of error coram nobis and Rule 20 petitions are analogous.[1] He further argues that the body of law governing the writ of error coram nobis should be adopted due to the scarcity of case law interpreting Rule 20. Lockett cites a long line of cases in which the denial of the writ was reversed by this Court. We agree, and we hold that cases dealing with the writ of error coram nobis may be used in interpreting Rule 20. In the instant case, though, we need not resort to those cases. The Court of Criminal Appeals held in Glover v. State, 531 So.2d 705
(Ala.Cr.App. 1988), that the analysis of a Rule 20 petition begins with the face of the petition, i.e., that the petition must state a meritorious claim, or else be subject to dismissal.
In the present case, Lockett's petition is grounded on the state's alleged failure to give him notice of its intention to proceed at sentencing under the Habitual Felony Offender Act, Code of Alabama 1975, § 13A-5-9 et seq. Rule 20.2 states the grounds upon which relief under a Rule 20 petition is precluded:
"Rule 20.2 Preclusion of Remedy
 "(a) Preclusion of Grounds. A petitioner will not be given relief under this rule based upon any ground: *Page 1048 
 "(1) Which may still be raised on direct appeal under the Alabama Rules of Appellate Procedure, or by post-trial motion under Temporary Rule 13; [or]
"(2) Which was raised or addressed at trial; or
 "(3) Which could have been but was not raised at trial, unless the ground for relief arises under Rule 20.1(b); or
 "(4) Which was raised or addressed on appeal or in any previous collateral proceeding; or
 "(5) Which could have been but was not raised on appeal, unless the ground for relief arises under Rule 20.1(b)."
(Emphasis added.)
The Court of Criminal Appeals held in Glover, supra, that Rule 20 does not provide a review of alleged improper enhancement of a defendant's sentence by the state through use of the Habitual Felony Offender Act. We hold that such a claim is properly presented in a direct appeal to the Court of Criminal Appeals. Lockett's failure to raise this issue on his appeal cannot be remedied in a Rule 20 proceeding. We must, therefore, hold that Rule 20 relief is precluded on this issue, pursuant to Rule 20.2(a)(5), and, therefore, that he was not entitled to a hearing.
 II
We now turn our attention to Lockett's second contention, i.e., that he was denied due process and equal protection of the law because, he says, his trial counsel was ineffective. His assertion is, in essence, that his trial counsel was ineffective because, he says, his lawyers did not investigate his prior convictions to determine whether evidence of those convictions was admissible for enhancement purposes, and did not object to the state's proceeding under the Habitual Felony Offender Act without giving him adequate notice.
Preliminarily, we hold that ineffective assistance of counsel claims are cognizable in Rule 20 petitions pursuant to Rule 20.1(a), Temp.A.R.Crim.P.
After a thorough review of the record in this case, however, we are compelled to hold that the trial court did not err in denying petitioner relief pursuant to Rule 20 on the issue of ineffective assistance of counsel. The standard this Court has adopted to test the effectiveness of counsel is stated inStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). That standard requires petitioner to show "that counsel's representation fell below an objective standard of reasonableness," id., 466 U.S. at 687-88, 104 S.Ct. at 2064, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694, 104 S.Ct. at 2068.
In the instant case, we hold that defense counsel's failure to investigate the petitioner's prior convictions, if that failure were proven, would amount to a failure to meet the objective standard of reasonableness, but we find no evidence of prejudice suffered by petitioner as a result of counsel's alleged error. Petitioner makes no allegations that his prior convictions were improperly used in the sentencing hearing; he makes no allegations that any of his prior convictions could be attacked because of his not having been represented by counsel at the time of the prior convictions; he does not assert that he was not the person identified in the records of the prior convictions used to enhance his sentence; and he does not allege that the prior convictions were not felonies. Therefore, we could find no prejudice suffered by Lockett, even if a failure to investigate be conceded.
 III
Finally, the petitioner raises the issue of whether his sentence exceeded the maximum allowed by law and, if so, whether the trial court erred in refusing to grant his Rule 20 petition. He was convicted of manslaughter, defined by Code of Alabama 1975, § 13A-6-3(b), as a Class C felony, which, after a showing by the state of three prior felonies, is punishable by not more than 99 years and not less than 15 years of imprisonment. See Habitual Felony Offender Act, §13A-5-9(c)(1). Therefore, *Page 1049 
we cannot, in this case, hold that the trial judge exceeded his jurisdiction in imposing this 99-year sentence.
For the foregoing reasons, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.
[1] "Rule 20.4 Nature of Proceeding and Relation to Other Remedies.
 "A proceeding under this rule displaces all post-trial remedies except post-trial motions under Temporary Rule 13 and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule. Proceedings under this rule shall be governed by the Temporary Rules of Criminal Procedure, except that the trial court in its sole discretion may allow the taking of depositions for discovery or for use at trial. (Added effective April 1, 1987.)"
"Rule 20.9 Evidentiary Hearing
 "(a) Hearing. Unless the court dismisses the petition, the petitioner shall be entitled to an evidentiary hearing to determine disputed issues of material fact, with the right to subpoena material witnesses on his behalf. The court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing, in which event the presence of the petitioner is not required; or the court may take some evidence by such means and other evidence in an evidentiary hearing. When facilities are available, the court may in its discretion order that any evidentiary hearing be held at the place of petitioner's confinement, giving at least seven (7) days' notice to the officer in charge of the confinement facility. A verbatim record of the hearing shall be made."