Donnie Hugley, the appellant, was convicted of theft of property in the first degree, Ala. Code 1975, § 13A-8-3(b), and was sentenced to life imprisonment as a habitual felony offender. He raises two issues on this appeal from that conviction.
 I.
The appellant argues that he was improperly sentenced.
On April 11, 1990, immediately after the jury returned its verdict, the trial court adjudged the appellant guilty and, without any advance notice, sentenced him to life imprisonment as a habitual felony offender upon the prosecutor's representation that the appellant had four prior felony convictions. The trial court then stated:
 "Now this defendant has been a constant source of trouble in the jail, ladies and gentlemen of the jury, since he's been arrested and down there since December. I have had two prior hearings already to determine what to do with him. He has set somewhere between and [sic] seventeen fires in the jail since he's been locked up down there. The allegations against him was he throws food at the jailers when they feed him, can never figure out, really, how he got the matches in his cell, except maybe through the cap of a pen. He floods the cells. We put him down there with nothing to burn, so far as we could, and so far as I know since that happened there hasn't been anymore fires. I don't know. And so I sentenced him today and ordinarily I might do it at some later time. I sentenced him today in order that we can get him out of the county jail. He does not need to be in the county jail. We do not have the means or the method whereby he can be properly controlled in the county jail, so I sent him to the penitentiary and try to get him out today or tomorrow. I will. I'll tell him I will bring him back for a hearing later on, at which time the State will be given the opportunity to present any evidence of previous convictions of the defendant, according to the law. They will have to serve on him notice of the previous convictions that they intend to rely on. I can always reduce the sentence. I cannot increase it. I will look at both his prior record, with a presentence report, together with investigation that the district attorney comes up with as to previous convictions. And I may reduce the sentence somewhat or may not, depending on what that record shows. But you may wonder why I sentenced him today, and that's why. And I wanted you people to understand that."
On May 2, 1990, the trial court sent the appellant notice of the prior convictions upon which the State intended to proceed under the Habitual Felony Offender Act. The appellant was returned from the state *Page 13 
penitentiary and a sentencing hearing was held on May 23, 1990. The trial court began that sentencing hearing with the following statement:
 "Okay, You were found guilty by the verdict of a jury on April 11, 1990, of Theft in the First Degree as charged in the indictment. At that time the Court sentenced you but has now asked for a presentence report from the Probation Officer and asked you to be brought back [from the state penitentiary] for resentencing on motion of the state under the Habitual Offender Act."
The State presented evidence that the appellant had four prior felony convictions. However, the trial court found that only one of those prior convictions could be considered under the Alabama Habitual Felony Offender Act. The appellant was sentenced to life imprisonment as a habitual felony offender with one prior felony conviction.
The appellant now contends that he was improperly sentenced on April 11, 1990, and that the initial sentencing "tainted" his resentencing on May 23, 1990. The record contains no objection specifically raising these issues in the trial court. However, upon the initial sentencing, defense counsel did "object to anything [prior conviction, the assistant district attorney] does not have substantiated at this time." The rule is that "when a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review." Ex parte Brannon, 547 So.2d 68 (Ala. 1989). Furthermore, it is clear that the trial court understood the appellant's objection to the use of the "unsubstantiated" prior felony convictions at the time of original sentencing. See Exparte Harmon, 543 So.2d 716, 717 (Ala. 1988).
Although we sympathize with the plight of the trial court, it is clear that reversible error has been committed.
In Ex parte Glover, 508 So.2d 218, 219 (Ala. 1987), the trial court sentenced the defendant immediately after the jury's verdict of guilty, before the defendant had received any notice of his prior convictions, and without giving defense counsel the opportunity to file a written request for a presentence investigation. The Alabama Supreme Court held: "That the trial court erred in proceeding with the sentencing phase of the trial immediately after the jury's verdict of conviction is so clear as to merit but little, if any, discussion." Ex parteGlover, 508 So.2d 218, 219 (Ala. 1987).
 "While, as we have stated, the denial of a pre-sentence report, under these circumstances, is not reversible error . . ., the absence of such a report is a contributing factor in our holding of reversible error in the trial court's application of the Habitual Felony Offender Act. Indeed, although it is not a direct basis for reversal, the error in failing to give the defendant reasonable notice of the application of the Habitual Felony Offender Act, or to continue the sentencing, is further compounded by the trial court's granting of the State's request for a recess, during the trial, to obtain material with which to impeach the defendant.
 "Because the trial court sentenced the defendant pursuant to the Habitual Felony Offender Act to 20 years' imprisonment (the maximum allowable for a Class B offense), without complying with the notice requirements, the judgment of sentence is reversed and the cause is remanded to the Court of Criminal Appeals for its remand to the circuit court for resentencing pursuant to § 13A-7-7(b), § 13A-5-6(a)(3), and Rule 6(a), (b)(1), (2), and (c), Temp.Ala.R. Crim.P. See Ex parte Williams, 510 So.2d 135 (Ala. 1987). Stated otherwise, under these circumstances, the Habitual Felony Offender Act cannot be applied."
Glover, 508 So.2d at 221. In Ex parte Williams, 510 So.2d 135,136 (Ala. 1987), the Court stated:
 "We hold that in order to sentence a criminal defendant under the Habitual Felony Offender Act, the Act must be invoked prior to the defendant's original sentencing, as mandated by Rule 6 of the Temporary Rules of Criminal Procedure. Furthermore, a sentence may not be subsequently *Page 14 
set aside because of a failure to apply the Habitual Felony Offender Act."
Cf. Ex parte Randle, 554 So.2d 1138, 1139 (Ala. 1989) ("Absent a lack of notice to the defendant, a finding on appeal that the evidence of prior convictions previously introduced into evidence was insufficient due to improper certification will not bar, on remand, proof and use of the same convictions properly certified."). "[T]he Habitual Felony Offender Act cannot be applied if the defendant was not given proper notice before the first sentencing." Jackson v. State, 566 So.2d 758,760 (Ala. 1990).
Under these cases, two principles are clear: 1) a trial court has no authority to sentence a defendant under the Habitual Felony Offender Act until proper notice and proof of the prior convictions have been presented, and 2) upon resentencing, a trial court may consider, for purposes of the Habitual Felony Offender Act, only those prior convictions of which the defendant received proper notice before the initial sentencing. Cf. United States v. Olson, 716 F.2d 850, 853 (11th Cir. 1983) ("Unless and until prosecutorial discretion is invoked and the government files and serves an information as required by [21 U.S.C. § 851 (1988) (setting forth procedure for enhancing punishment of those convicted of federal drug crimes)], the district court has no power to act with respect to an enhanced sentence; it can no more enhance the sentence than it could impose imprisonment under a statute that only prescribes a fine. Harmless error cannot give the district court authority that it does not possess.").
Here, upon initial sentencing, the trial court assumed, upon the representations of the prosecutor, that the appellant had three or more prior felony convictions. Based on this assumption, the only sentence the appellant could receive upon his conviction of theft of property in the first degree was life imprisonment. Ala. Code 1975, § 13A-5-9(c)(2). However, after the sentence hearing, the trial court considered only the appellant's 1980 Alabama conviction for burglary in the second degree in sentencing the appellant as a Habitual Felony Offender. The trial court did not consider the appellant's 1988 Florida conviction for the sale of a counterfeit substance, which was a misdemeanor in Alabama; the appellant's two 1983 Florida convictions for burglary; or the appellant's 1985 Florida conviction for robbery, to which the appellant pleaded nolo contendere. The range of punishment for a conviction of first degree theft with one prior felony conviction was from 10 to 99 years or life imprisonment. § 13A-5-9(a)(2); §13A-5-6(a)(1).
Because the appellant did not receive notice of any prior felony conviction before his first sentencing, he should not have been sentenced as a habitual felony offender.Glover, 508 So.2d at 220-21; Jackson, 566 So.2d at 760;Williams, 510 So.2d at 136. The appellant's sentence of life imprisonment is set aside. This cause is remanded to the trial court with directions that the appellant be resentenced as a first time offender for the criminal offense of theft of property in the first degree. A return shall be made to this Court reflecting proper sentence within 60 days from the date of this opinion.
 II.
After reading the record, this Court rejects the appellant's argument that the evidence is insufficient to support his conviction.
 "To corroborate means to make more certain, to confirm, or to strengthen. Lewis v. State, 426 So.2d 932 (Ala.Cr.App. 1982), cert. denied, 426 So.2d 938 (Ala. 1983), and the corroborative testimony need not be strong or sufficient in and of itself to support a conviction. Andrews v. State, 370 So.2d 320 (Ala.Cr.App. 1979), cert. denied, 370 So.2d 323 (Ala. 1979). Corroborative evidence need not directly convict the accused of the crime, but need only tend to do so. Id."
Ex parte Bankhead, [Ms. 89-1179, February 15, 1991] (Ala. 1991). There was nonaccomplice testimony that the appellant was driving the stolen vehicle shortly after the theft occurred and that the tires from the stolen vehicle were in the appellant's possession. *Page 15 Bankhead, slip op. at 9; Alldredge v. State, 431 So.2d 1358,1361 (Ala.Cr.App. 1983).
This cause is remanded for resentencing for the reasons stated in Part I of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.