This is an appeal from the denial of three petitions filed by Michael Angelo Nicastro pursuant to Rule 32, A.R.Crim.P., requesting relief from two 1975 convictions and one 1982 conviction. The circuit court dismissed all three petitions without an evidentiary hearing, stating that they were not filed within the time established by Rule 32.2(c), A.R.Crim.P.
On October 6, 1975, the petitioner pleaded guilty to a charge of burglary and was sentenced to four years and six months' imprisonment. The petitioner, on December 1, 1975, pleaded guilty to unlawful possession of a controlled substance and was sentenced to four years' imprisonment. On November 3, 1982, the petitioner pleaded guilty to manslaughter. Pursuant to the Habitual Felony Offender Act, § 13A-5-9(c)(2), Code of Alabama 1975, he was sentenced to life imprisonment. The circuit court used the two 1975 felony convictions, along with a third conviction unrelated to this case, to enhance the petitioner's sentence for the 1982 manslaughter conviction. The petitioner did not directly appeal any of these convictions.
We find that all of the petitioner's claims, except that alleging insufficient notice of prior convictions to be used to invoke the Habitual Felony Offender Act, are barred by the limitations period of Rule 32, because each dealt with a constitutional issue that was not presented in a petition for post-conviction relief within two years as required by Rule 32.2(c), A.R.Crim.P. The petitioner, however, contends that the circuit court erred when it barred his insufficient notice issue as not being filed within the limitations period. We agree.
In his original Rule 32 petition regarding the 1982 conviction, the petitioner contended that his sentence was unlawfully enhanced because the state failed to give him sufficient notice of which specific prior felony convictions it intended to use to enhance his sentence under the Habitual Felony Offender Act. This issue does not fall within the scope of Rule 32.2(c), A.R.Crim.P. (i.e., the petition does not allege that constitutional relief is due, that new evidence exists, or that a direct appeal was not filed without fault on the petitioner's part), and, thus, the limitations period does not apply.
Further, this argument would not be precluded by the petitioner's failure to present it on direct appeal. When an appellant is sentenced pursuant to the Habitual Felony Offender Act after the state has failed to give sufficient notice of the specific prior convictions to be used to invoke the act, an illegal sentence results. Hayes v. State, 588 So.2d 502
(Ala.Cr.App. 1991); May v. State, 586 So.2d 56
(Ala.Cr.App. 1991); Hugley v. State, 581 So.2d 11
(Ala.Cr.App. 1991). *Page 667 
See also McConnell v. State, 593 So.2d 93 (Ala.Cr.App. 1991); Rule 26.6(b)(3)(ii), A.R.Crim.P. Cf., Connolly v. State,602 So.2d 452 (Ala. 1992) (state must give sufficient notice of intent to proceed under the Habitual Felony Offender Act and of the prior convictions to be used to invoke the act). "[W]hen a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review." Exparte Brannon, 547 So.2d 68, 68 (Ala. 1989); Hayes,588 So.2d at 506; May, 586 So.2d at 57. Further, a petition for post-conviction relief arguing the illegality of the petitioner's sentence is " 'meritorious on its face' and should not [be] denied without a consideration on its merits" despite the petitioner's failure to present the issue at trial, on direct appeal, or within the limitations period. Anderson v.State, 546 So.2d 1013, 1014 (Ala.Cr.App. 1989); Ladd v. State,577 So.2d 926 (Ala.Cr.App. 1990), writ. denied, 577 So.2d 927
(Ala. 1991). See also Ex parte Peterson, 466 So.2d 984
(Ala. 1984). But see Ex parte Thomas, 549 So.2d 95 (Ala. 1989);Ex parte Lockett, 548 So.2d 1045 (Ala. 1989) (failure to present at trial or on direct appeal the issue of insufficient notice of state's intent to proceed under Habitual Felony Offender Act precludes that issue from consideration under Rule 32.2(a)(2), (5), A.R.Crim.P.).
Thus, the circuit court erred in holding that the appellant's argument concerning insufficient notice of prior convictions was barred because it was not filed within the limitations period of Rule 32. See Rule 32.1(a), 32.2(c), A.R.Crim.P. Further, even though the petitioner here did not directly appeal from the 1982 conviction, his issue regarding insufficient notice of which prior convictions were to be used to enhance that conviction is not precluded under Rule 32.2(a)(5), A.R.Crim.P. See Ladd, supra; Anderson, supra.
This cause is remanded to the Circuit Court for Jefferson County for an evidentiary hearing exclusively on the merits of the petitioner's allegation that he was not given sufficient notice of which prior convictions were to be used to enhance the sentence for his 1982 conviction (case CC-82-957.60). Due return should be filed with this court within 45 days.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.