We granted Cecil Vinson's petition for certiorari review of the validity of court costs of $4,527.44 assessed against him as an incident to his pretrial incarceration on a charge of receiving stolen property. On May 9, 1990, the defendant pleaded guilty to the charge of receiving stolen property in the first degree. Subsequently, he was sentenced to imprisonment for a term of 20 years, minus 18 months "jail credit earned" during pretrial incarceration for the offense. Additionally, the trial court assessed the $4,527.44, which the State contends represented a recoupment of expenses authorized by Ala. Code 1975, § 14-6-22, for medical care received by the defendant during his incarceration.
The defendant appealed, contesting, inter alia, the validity of the $4,527.44 assessment. The Court of Criminal Appeals, holding that the defendant's "contentions" were "procedurally barred because they were not presented to the trial court" in a post-conviction motion, affirmed the judgment of the trial court. We reverse and remand.
Section 14-6-22 in pertinent part provides:
 " § 14-6-22. Misdemeanant requiredto pay costs of incarceration. . . .
 "(a)(1) A court shall require a convicted defendant in a misdemeanor case to pay housing, maintenance and medical costs associated with the defendant's incarceration in a county or city jail except as otherwise provided herein. Such costs shall not exceed $20.00 per day that the defendant has been incarcerated plus actual medical expenses
incurred on behalf of the defendant. Such costs shall be taxed as costs of court and shall be in addition to any and all other costs of court.
". . . .
 "(d) Moneys collected for the housing, maintenance and medical costs of a convicted defendant in a misdemeanor case shall be collected by the clerk of the sentencing court and shall be payable to the county or city in whose jail the defendant was incarcerated."
(Emphasis added.)
Because § 14-6-22 authorizes recoupment of medical expenses only from convicted misdemeanants, the recoupment order arising out of Vinson's pretrial detention on felony charges is unauthorized by the statute, and is, therefore, void on its face. "[W]hen a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review." Ex parte Brannon, 547 So.2d 68, 68 (Ala. 1989) (citingBartone v. United States, 375 U.S. 52, 84 S.Ct. 21,11 L.Ed.2d 11 (1963)). Consequently, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded with directions to remand the cause to the trial court for resentencing in accordance with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
MADDOX, HOUSTON, KENNEDY and INGRAM, JJ., concur. *Page 657