TAYLOR, Judge.
The appellant, Edward Louis Robinson, appeals from the summary denial of his petition for post-conviction relief under Rule 32, A.R.Crim.P. The appellant alleged in his petition that his guilty plea was involuntary and that his sentence was illegal because he was not given notice of the state’s intention to proceed under the Habitual Felony Offender Act. The trial court denied the petition, stating that the grounds raised by the appellant were procedurally barred because they could have been raised on direct appeal. Rule 32.2(a)(5), AR.Crim.P.
The trial court correctly determined that the issues concerning the voluntariness of his plea were procedurally barred. However, the appellant’s issue concerning whether he was given notice of the application of the Habitual Felony Offender Act is not precluded. Recently, this court was obliged to hold, in Nicastro v. State, 624 So.2d 665 (Ala.Cr.App.1992), in accordance with the decision of the Alabama Supreme Court in Connolly v. State, 602 So.2d 452 (Ala.1992), that the issue of whether the accused has been informed about the state’s intention to proceed under the Habitual Felony Offender Act is not precluded by failure to present it on direct appeal.
This case is therefore remanded to the Circuit Court for Mobile County so that that court can hold a hearing on the appellant’s allegation that the state failed to give notice of its intention to proceed under the Habitual Felony Offender Act. The circuit court should also make findings of fact as provided for in Rule 32.9(d), A.R.Crim.P. The court’s findings should be filed with this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.