Johnny Ray Nichols, the appellant, was charged by six separate indictments with two instances of theft of property in the second degree, three instances of receiving stolen property in the second degree, and one instance of possession of burglar's tools. In one proceeding, he pleaded guilty to and was convicted of all six charges. Immediately after accepting the appellant's guilty pleas, the trial court sentenced him to 15 years' imprisonment on each charge, with the sentences to run concurrently with each other and with another sentence that the appellant was then serving.
On this direct appeal from the six guilty plea convictions, the appellant contends that he was improperly sentenced as a habitual offender because the State failed to give him notice of its intent to invoke the Habitual Felony Offender Act (HFOA) and also failed to prove that he had any prior convictions. We note at the outset that there was no objection on any ground at the time of sentencing and there is no indication in the record that a motion for new trial, motion to withdraw the pleas, or motion to reconsider sentence alleging these grounds, or any other grounds, was filed.[1] *Page 53 
 I
The initial problem we face with regard to the issue of the State's alleged failure to give the appellant notice that it intended to invoke the HFOA is whether that issue is properly before this Court for review. As noted above, no objection was made on this ground in the trial court.[2] The decisions of this Court are conflicting as to whether an objection is necessary to preserve the issue for appellate review — we have held both
that the failure to object to the adequacy or lack of notice precludes review on appeal and that an objection to lack of notice is not necessary for review on appeal. The Alabama Supreme Court has not directly addressed this particular issue.
This Court's cases holding that an objection is necessary to preserve the issue are: Harrell v. State, 555 So.2d 257, 262
(Ala.Cr.App.), affirmed, 555 So.2d 263 (Ala. 1989); Petite v.State, 520 So.2d 207, 213 (Ala.Cr.App. 1987); Phillips v.State, 518 So.2d 833, 834 (Ala.Cr.App. 1987); Jackson v. State,566 So.2d 752, 756 (Ala.Cr.App. 1987), cert. denied,566 So.2d 757 (Ala. 1988); see also Terry v. State, 570 So.2d 781, 784
(Ala.Cr.App. 1990); Weaver v. State, 437 So.2d 626, 627
(Ala.Cr.App. 1983); Wilson v. State, 428 So.2d 197, 201
(Ala.Cr.App. 1983). Accord, H. Maddox, Alabama Rules ofCriminal Procedure, § 26.6 at 163 (Supp. 1992). This line of cases treats an alleged lack of notice as one of the general sentencing issues that must be brought to the attention of the trial judge in order to preserve the matter for appellate review. See, e.g., Ex parte Yeung, 489 So.2d 1106, 1110 (Ala. 1986) (where defendant failed to object to trial court's "setting aside the original sentence he imposed and resentencing [the defendant] to a more severe sentence pursuant to a motion by the State," that issue was not properly before the Alabama Supreme Court); Garrick v. State, 589 So.2d 760,764-65 (Ala.Cr.App. 1991) (where defendant failed to assert before the trial court that the schoolyard enhancement statute (§ 13A-12-250) was unconstitutional, that issue was not preserved for appellate review); Jordan v. State,574 So.2d 1024, 1025 (Ala.Cr.App. 1990) (where defendant failed to "object to his sentence at the sentence hearing" and did not "file a motion for reconsideration based upon the [trial] court's consideration of allegedly improper facts at the sentence hearing," that issue was not preserved for appellate review).
The conflicting cases, holding that an objection isnot necessary to preserve the issue are: May v. State,586 So.2d 56, 57 (Ala.Cr.App. 1991); Ellison v. State,593 So.2d 150, 152 (Ala.Cr.App. 1991); Hayes v. State, 588 So.2d 502,506-07 (Ala.Cr.App. 1991); Smith v. State, 471 So.2d 501,502-03 (Ala.Cr.App. 1984); see also Robinson v. State,629 So.2d 1 (Ala.Cr.App. 1992); Nicastro v. State, 624 So.2d 665
(Ala.Cr.App. 1992); Bland v. State, 601 So.2d 521, 527 n. 3 (Ala.Cr.App. 1992); Hugley v. State, 581 So.2d 11, 14
(Ala.Cr.App. 1991). These cases are based primarily on the Alabama Supreme Court's decision in *Page 54 Ex parte Brannon, 547 So.2d 68 (Ala. 1989), or cases citing that case.
In Brannon, the defendant pleaded guilty to a drug offense and, when the State produced evidence of three prior convictions, was sentenced under the HFOA. Several months after Brannon was sentenced, the Alabama Supreme Court decided Exparte Chambers, 522 So.2d 313, 314 (Ala. 1987), in which it held that the HFOA was "not the proper penalty enhancement provision to be applied" to persons convicted of drug offenses under the old Controlled Substances Act (codified in former Chapter 2 of Title 20 of the Alabama Code).[3] Instead, persons convicted under that Act were to be sentenced pursuant to Ala. Code, § 20-2-76 (1984), "which [wa]s the recidivist statute found within the Controlled Substances Act itself." Ex parteChambers, 522 at 314 (emphasis deleted).
Brannon, who was convicted under the old Controlled Substances Act, argued on appeal that he was improperly sentenced under the HFOA. The State maintained that the issue was not properly preserved because Brannon had not objected in the trial court to the application of the HFOA. The Alabama Supreme Court held:
 "[A]n objection was unnecessary in this case. . . . [W]hen a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review."
Ex parte Brannon, 547 So.2d at 68 (emphasis added). In Brannon, the sentencing judge applied the wrong recidivist statute. The sentence imposed was not authorized by statute, from which it follows that the sentencing judge acted without authority. As our Supreme Court stated: "Chambers makes it clear that 'defendants convicted [under the Controlled Substances Act]must be sentenced according to its provisions, not the sentencing provisions of Title 13A[, which include the HFOA].' 522 So.2d at 316." Ex parte Brannon, 547 So.2d at 69 (emphasis in Chambers).
The rationale of Brannon has been applied by the Alabama Supreme Court in other sentencing situations where the trial court acted without authority. See Ex parte Vinson,615 So.2d 655 (Ala. 1992) (no objection required to preserve issue of validity of recoupment order imposed on felony defendant, where statute authorizes recoupment only from misdemeanants); Exparte McKelvey, 630 So.2d 56 (Ala. 1992) (no objection required to preserve issue of validity of multiple sentences imposed for conduct arising out of a single transaction, where statute authorizes only one sentence[4]); Ex parte Rivers, 597 So.2d 1308
(Ala. 1991) (indicating that where the trial court fails to properly accept a guilty plea, it has no authority to sentence defendant and no objection is necessary to preserve the alleged illegality of the sentence for appellate review). Thus, it appears that, in order to determine whether the appellant's first issue is properly before us for review, we must first determine whether notice to the defendant is necessary to the trial court's authority to sentence that defendant under the HFOA.
A trial court's sentencing authority is found in §13A-5-1(a), which provides: "Every person convicted of any offense defined in this title, or defined outside this title,shall be sentenced by the court in accordance with thisarticle, unless otherwise specifically provided by law." (Emphasis added.) The "article" referred to in § 13A-5-1(a) is Article I of Chapter 5 of Title 13A. The HFOA is contained within Article I and mandates that enhanced punishment be imposed "[i]n all cases when it is shown that a criminal defendant has been previously convicted of [one or more] felon[ies]." § 13A-5-9. Section 13A-5-10(a) provides that "[t]he court may conduct *Page 55 
a hearing upon the issue of whether a defendant is a repeat or habitual offender under section 13A-5-9, according to procedures established by rule of court."
The rules for proceeding under the HFOA are found in Rule 26.6(b)(3), A.R.Crim.P. (formerly Rule 6(b)(3), A.R.Crim.P.Temp.). Subsections (i) and (ii) of that rule provide:
 "(i) In any case involving an alleged habitual felony offender as provided in Ala. Code 1975, § 13A-5-9, if a hearing is necessary in order to establish the alleged prior conviction or convictions in the record, the court, on its own motion, or on a motion of the district attorney or on motion of the defendant, after a determination of guilt, shall hold a hearing at a date to be set by the court.
 "(ii) At a reasonable time prior to the hearing, the defendant shall be notified of the prior conviction or convictions upon which the state intends to proceed."
(Emphasis added.) Obviously, notice under Rule 26.6(b)(3)(ii) also provides a defendant with notice that the State intends to invoke the HFOA. See Bland v. State, 601 So.2d 521, 527
(Ala.Cr.App. 1992). The purpose of this notice "is to inform the accused of which convictions will be relied upon by the State to enhance his punishment," Huff v. State 452 So.2d 1352,1355 (Ala.Cr.App. 1984), and "to ensure [that] the appellant has the time and opportunity to adequately prepare his case in this regard," Hollins v. State, 415 So.2d 1249, 1255
(Ala.Cr.App. 1982).
It does not appear from either the statutes or the rules set out above that notice to the defendant is necessary to the trial court's authority (i.e., a jurisdictional prerequisite) to sentence a defendant under the HFOA. Under § 13A-5-9 it appears that making the trial court aware of the priorconvictions is what triggers that authority. Section 13A-5-9
provides that enhanced sentences must be imposed "when it is shown" that a defendant has a prior felony conviction or convictions. The phrase "when it is shown" obviously refers to a showing made to the trial court. Unless the trial court is aware of a defendant's prior convictions, it simply has no authority to apply the HFOA in sentencing that defendant.
In contrast, notice to the defendant under Rule 26.6(b)(3)(ii) appears to be a procedural matter, rather than a jurisdictional prerequisite to the application of the HFOA. This conclusion is supported by several Alabama Supreme Court cases. In Ex parte Williams, 510 So.2d 135 (Ala. 1987), the defendant pleaded guilty to a drug offense and, on the recommendation of the prosecutor, was sentenced to two years' imprisonment. Almost four weeks after the defendant was sentenced, the prosecutor filed a motion to reconsider the sentence based on his discovery that the defendant had six prior felony convictions. The trial court set aside the original sentence and permitted the State to give the defendant notice that it would invoke the HFOA at resentencing. At a second sentence hearing, the trial court, over the defendant's objection, resentenced the defendant to 15 years' imprisonment as a habitual offender.
In reversing this Court's affirmance of the second, enhanced sentence, the Alabama Supreme Court, stated that "the [HFOA] is not 'self-executing.' Rule 6 of the Temporary Rules of Criminal Procedure [(now Rule 26.6, A.R.Crim.P.),] . . . contemplates that the applicability of the [HFOA] will be called to theattention of the trial court prior to sentencing." 510 So.2d at 136 (emphasis added). The Supreme Court concluded by holding:
 "[I]n order to sentence a criminal defendant under the [HFOA], the Act must be invoked prior to the defendant's original sentencing, as mandated by Rule 6 of the Temporary Rules of Criminal Procedure [(now Rule 26.6, A.R.Crim.P.)]. Furthermore, a sentence may not be subsequently set aside because of a failure to apply the [HFOA]."
Id. (Emphasis added.)[5]
On the same date that it decided Williams, the Alabama Supreme Court also decided Ex parte Glover, 508 So.2d 218 (Ala. 1987). In Glover, the trial court, "[w]ithout any prior *Page 56 
notice" and "summarily den[ying]" defense counsel's request for a "pre-sentence investigation and report," sentenced the defendant immediately after the jury returned the guilty verdict. 508 So.2d at 219. Stating that " 'court records reflect that [the defendant] is [a habitual offender],' " the trial court sentenced the defendant under the HFOA to 20 years' imprisonment. Id.
In holding that the trial court erred in applying the HFOA in sentencing the defendant, the Alabama Supreme Court noted, "[w]hile the application of the [HFOA] is statutorily stated in mandatory, and not discretionary, terms, it along with theimplementing rules of court, also prescribes certain triggeringrequisites." Id. at 220 (emphasis added). Because the defendant did not admit the alleged prior conviction, the State's introduction, for impeachment purposes, of "evidence of a prior felony allegedly committed by [the defendant]" was not sufficient to put the defendant "on notice that the State was proceeding against him under the recidivist statute." Id.
The Alabama Supreme Court stated that although the trial court "err[ed] in failing to give the defendant reasonable notice of the application of the [HFOA]," this was "not adirect basis for reversal." Id. at 221 (emphasis added). It was, apparently, the combination of the trial court's failure to give the defendant notice that he would be sentenced as a habitual offender, its refusal "to continue the sentencing," and its "granting of the State's request for a recess, during the trial, to obtain material with which to impeach the defendant," that necessitated the reversal. Id.
Ex parte Lockett, 548 So.2d 1045 (Ala. 1989), involved a petition for post-conviction relief "grounded on the state's alleged failure to give [the defendant] notice of its intention to proceed at sentencing under the [HFOA]." 548 So.2d at 1047. After reviewing the grounds of preclusion set out in Rule 20.2, A.R.Crim.P.Temp. (now Rule 32.2, A.R.Crim.P.), the Alabama Supreme Court stated:
 "The Court of Criminal Appeals held in Glover [v. State, 531 So.2d 705 (Ala.Cr.App. 1988)], that Rule 20 does not provide a review of alleged improper enhancement of a defendant's sentence by the state through use of the [HFOA]. We hold that such a claim is properly presented in a direct appeal to the Court of Criminal Appeals.
Lockett's failure to raise this issue on his appeal cannot be remedied in a Rule 20 proceeding."
Ex parte Lockett, 548 So.2d at 1048 (emphasis added). A month later, the Alabama Supreme Court reaffirmed this holding in Exparte Thomas, 549 So.2d 95, 97 (Ala. 1989).
The basis for the decisions in Ex parte Lockett and Ex parteThomas was that the State's alleged failure to give the defendant HFOA notice "could have been but was not raised on appeal." Rule 32.2(a)(5), A.R.Crim.P. However, claims that "[t]he court was without jurisdiction to render judgment or toimpose sentence," Rule 32.1(b), are not precluded under Rule 32.2(a)(5). Since the Alabama Supreme Court held that the notice issue was precluded, it obviously did not consider that issue to be a jurisdictional one.
We are aware that there is language in two Alabama Supreme Court cases, Jackson v. State, 566 So.2d 758 (Ala. 1990), andConnolly v. State, 602 So.2d 452 (Ala. 1992), that indicates that notice to the defendant is the triggering mechanism for the application of the HFOA. However, both of those cases involve the question of what prior offenses may be used at second or third sentence hearings, rather than the question of whether an objection is necessary to preserve the issue of the alleged failure of the State to give HFOA notice.
In Jackson v. State, 566 So.2d at 760, the Alabama Supreme Court observed that "[t]he State correctly points out that [Exparte] Glover and [Ex parte] Williams stand for the proposition that the [HFOA] cannot be applied if the defendant was notgiven proper notice before the first sentencing hearing." (Emphasis added.) However, a more accurate summarization ofWilliams is that the HFOA cannot be applied at a subsequent sentencing hearing unless it was invoked and applied (i.e., it was brought to the trial court's attention and actually used to enhance the defendant's sentence) at the initial sentencing hearing; while Glover indicated *Page 57 
that the failure to give the defendant notice was error, but not, standing alone, reversible error.
Although not citing Williams and Glover, the Alabama Supreme Court made a statement similar to that in Jackson in Connollyv. State, 602 So.2d at 454: "For the HFOA to apply to a particular sentencing, the State must give reasonable notice, prior to the sentencing hearing, of the State's intention to proceed under the HFOA." It appears, however, that the notice requirement is very flexible and may change with each successive sentence hearing:
 "To enhance a defendant's sentence under the HFOA, the State must give proper notice of its intent to do so. The State must also give the defendant proper notice of the alleged previous felony convictions that it will attempt to prove at that sentencing hearing. If, for whatever reason, another sentencing hearing is required and the State had notified the defendant of its intent to proceed under the HFOA at the previous sentencing hearing, then the State can re-notify the defendant of its intent to proceed under the HFOA and can notify the defendant that it will attempt to prove all previous felony convictions that the State is aware of, regardless of whether the State had attempted to prove those particular convictions at the previous sentencing hearing. In other words, the State at any sentencing hearing can attempt to prove all of the defendant's previous felony convictions of which it is aware. The State's failure to offer certain felonies as the basis for HFOA sentence enhancement does not prevent the State's offer of those felonies at any subsequent sentencing hearing. Where the State, between sentencing hearings, learns of previous felony convictions, it is under a duty to attempt to prove them at the subsequent sentencing hearing."
Id. at 455 (emphasis in original).
Although we indicated otherwise in Hugley v. State, 581 So.2d at 14,[6] we now conclude, after careful review of the applicable statutes, rules, and cases, that notice to the defendant is a procedural requirement that can be waived by the defendant's failure to object rather than a jurisdictional matter that is not subject to waiver. Where the trial court has been made aware of the applicability of the HFOA, it has authority under § 13A-5-9 to apply that section. That authority is not revoked by a defendant's failure to object at sentencing to an alleged failure of the State to give the defendant notice that it intended to invoke the HFOA.[7] The failure of the State to provide the notice required by Rule 26.6(b)(3)(ii), A.R.Crim.P., simply is not the equivalent of a trial court applying the wrong recidivist statute, see Ex parte Brannon, 547 So.2d at 68; imposing multiple sentences in direct contravention of a statute, see Ex parte McKelvey, 630 So.2d at 56; or imposing a recoupment order that is in direct contravention of a statute and thus "void on its face," Exparte Vinson, 615 So.2d at 656. Instead, it falls within that general category of sentencing issues that must be brought to the attention of the trial court in order to preserve the issue for appeal. Those cases in which we equated this matter with the Brannon-type matters and held that no objection is necessary to preserve the issue of the State's failure to give notice[8] are hereby expressly overruled.
 II
The failure to object in the trial court to the State's method of proving or failure to *Page 58 
prove prior convictions precludes consideration of that issue on appeal. Harrell v. State, 555 So.2d 257, 262 (Ala.Cr.App.), affirmed on other grounds, 555 So.2d 263 (Ala. 1989); Fairclothv. State, 471 So.2d 485, 493 (Ala.Cr.App. 1984), affirmed on other grounds, 471 So.2d 493 (Ala. 1985). Moreover, when the trial judge, in what appears to be an effort to ensure that he was about to inform the appellant of the correct range of punishment, queried, "He has previous convictions?", defensecounsel responded, "Yes, Your Honor." R. 4. While this response by defense counsel is not the equivalent of an admission of prior convictions by a defendant,[9] it clearly weighs against any imputation of prejudice to the appellant on this issue. Defense counsel was obviously aware of the prior convictions and apparently found no reason to contest those convictions. We note that the appellant does not allege in this appeal that the prior convictions themselves were in any way defective.
For the reasons stated above, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] The appellant entered his guilty pleas and was sentenced on October 9, 1992. Thirty-four days later, on November 12, 1992, the appellant filed, pro se, a document entitled "Notice of Appeal/Motion for Counsel on Appeal." CR. 51-52. In this document, the appellant gave notice of appeal and requested that the trial court "appoint counsel to represent him on appeal." CR. 51. This document also declared that the appellant "appeals from the term of confinement" because "[c]ertification of defendant as [a] habitual offender was improper, as no prior convictions w[ere] presented to the court and defendant did not admit to any prior convictions." Id. (Emphasis added.)
Although this document alleges that the State failed to prove his prior convictions, even construing the document leniently as required for pro se motions, we cannot conclude that this document should be treated as a post-trial motion requesting a new trial, to withdraw the pleas, or to reconsider or amend the sentences. The document was clearly designated "Notice of Appeal" and did not seek any action by the trial court other than the appointment of appellate counsel. Furthermore, had the document been designated as some type of post-trial motion rather than a notice of appeal, it would have been untimely since post-trial motions must be filed within 30 days of sentencing. See Rule 24.1(b) and Rule 24.2(b), A.R.Crim.P. (motions for new trial and motions in arrest of judgment "must be filed no later than thirty (30) days after sentence is pronounced"); Martinez v. State, 602 So.2d 504, 505 n. 1 (Ala.Cr.App. 1992) ("[a] motion for reconsideration of sentence must be filed within 30 days of the pronouncement of sentence") (citing Pickron v. State, 475 So.2d 593, 596 (Ala.Cr.App. 1984), affirmed, 475 So.2d 599 (Ala. 1985)); Ward v. State,527 So.2d 780, 782 (Ala.Cr.App. 1988) ("[a] motion to withdraw [a] guilty plea must be filed no later than thirty days after imposition of the sentence").
Thirty days from the date of appellant's sentencing would have been November 8, 1992. Because November 8, 1992, was a Sunday, the appellant would have had until Monday, November 9, 1992, to timely file any post-trial motions. See Rule 1.3(a), A.R.Crim.P. The appellant's notice of appeal was stamped "filed" by the Mobile Circuit Clerk's office on November 12, 1992. The notice of appeal recites that it was "[s]worn to and subscribed before me this 8th day of Nov[ember,] 1992," CR. 51, but it does not bear a notary public's signature. Moreover, there is nothing in the record to indicate when the notice of appeal was mailed by the appellant (who was incarcerated at the time) and we simply cannot deem the notice of appeal to have been filed any earlier than November 12. Compare Holland v.State, 621 So.2d 373, 374 (Ala.Cr.App. 1993) (where certificate of service on inmate's petition for post-conviction relief "averred that he placed the petition in the mail on March 19, [1992,]" this Court deemed March 19 to have been the filing date of the petition).
[2] Even the appellant's pro se notice of appeal discussed in n. 1, supra, did not raise this particular ground.
[3] With the Drug Predator Control Act of 1987 and the Drug Crimes Amendments Act of 1987, the legislature "substantial[ly] rewr[ote] and [provided] new definitions of the controlled substances offenses." Watley v. State, 568 So.2d 852, 854
(Ala.Cr.App. 1989), cert. quashed, 568 So.2d 857 (Ala. 1990). The new drug offenses are codified in Title 13A, the Criminal Code. See § 13A-12-201 et seq.
[4] But see Ex parte Jackson, 590 So.2d 901 (Ala. 1991) (indicating that claim of improper multiple sentences must be raised at trial to preserve that issue for review on appeal).
[5] We note that the imposition of the enhanced sentence under the HFOA was also erroneous under Ex parte Chambers, 522 So.2d 313
(Ala. 1987), which was discussed above.
[6] In Hugley, we stated: "[A] trial court has no authority to sentence a defendant under the [HFOA] until proper notice and proof of the prior convictions have been presented." 581 So.2d at 14. To the extent that this statement conflicts with our holding in the present case, it is expressly overruled.
[7] Where, however, a defendant alleges at the sentencing hearing that the State failed to give him notice of the prior convictions upon which it would rely, the trial court should make a finding on the record as to whether notice was provided. If the trial court finds that reasonable notice was not provided to the defendant, the trial court should continue the sentencing hearing so as to provide the defendant and his counsel an opportunity to review the convictions.
[8] May v. State, 586 So.2d 56, 57 (Ala.Cr.App. 1991); Ellison v.State, 593 So.2d 150, 152 (Ala.Cr.App. 1991); Hayes v. State,588 So.2d 502, 506-07 (Ala.Cr.App. 1991); Smith v. State,471 So.2d 501, 502-03 (Ala.Cr.App. 1984); see also Robinson v.State, 629 So.2d 1 (Ala.Cr.App. 1992); Nicastro v. State,624 So.2d 665 (Ala.Cr.App. 1992); Bland v. State, 601 So.2d 521,527 n. 3 (Ala.Cr.App. 1992); Hugley v. State, 581 So.2d 11, 14
(Ala.Cr.App. 1991).
[9] "Prior convictions may be proven by the testimony of the defendant at sentencing." Jackson v. State, 502 So.2d 858, 865
(Ala.Cr.App. 1986).