ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded to the trial court for resentencing because records of two of the prior convictions, from Kentucky and Georgia, were not properly certified. See § 12-21-70, Code of Alabama (1975). During the re-sentencing hearing, the prosecutor conceded that one of the convictions could not be used for enhancement purposes because that felony conviction was made an element of the conviction of escape. See Ringer v. State, 501 So.2d 493, 494 (Ala.Cr.App.1986); Lee v. State, 512 So.2d 826, 828 (Ala.Cr.App.1987). That conviction was not one of the two foreign adjudications which resulted in this resen-tencing order. The State attempted to admit duplicates of the records of the two improper convictions which had been re-certified and exemplified by the appropriate authority. Defense counsel argued that the State should not be permitted to offer those exhibits because this court had held originally that the trial court erred in admitting evidence of those convictions into evidence. Defense counsel further argued that to allow them into evidence at the resentencing hearing would violate the appellant’s rights under the double jeopardy clauses of the Federal Constitution and the Alabama Constitution. The trial court held that the two convictions would not be considered for purposes of enhancement under the Habitual Felony Offender Act and that “the State should not be provided with an additional bite of the apple since the Court of Criminal Appeals found the previous documents insufficient.” However, although evidence of the convictions was improperly admitted during the appellant’s original sentencing, he was clearly on notice of their existence. Because the appellant was on notice, the trial court could properly have received additional evidence regarding the prior convictions, including proper certification. See Jackson v. State, [3 Div. 538, June 30, 1987] (Ala.Cr.App.1987), cert. denied, [Ms. 86-1442, Jan. 8, 1988] (Ala.1988). See also Ex parte Glover, 508 So.2d 218 (Ala.1987); Ex parte Williams, 510 So.2d 135 (Ala.1987). Because *1138 the trial court should have allowed the State to introduce the corrected copies of the two foreign convictions, this cause is remanded for another sentencing hearing.
REMANDED WITH DIRECTIONS AS TO SENTENCING.
All Judges concur.