David Randle was convicted of escape in the first degree on July 26, 1984. At his sentencing hearing, the State moved to invoke the Habitual Felony Offender Act, Ala. Code 1975, §13A-5-9, and pursuant thereto the State offered into evidence proof of Randle's four prior felony convictions. The trial court admitted the evidence of the convictions, granted the motion, and sentenced Randle to a mandatory term of life in prison pursuant to § 13A-5-9(c)(2).
On appeal, the Court of Criminal Appeals held that two of the four convictions were improperly proven because they were not properly certified and, therefore, that they were erroneously admitted into evidence. *Page 1139 
The case was remanded to the trial court for resentencing.
On remand, a new sentencing hearing was held, and the State offered properly certified copies of the same two convictions. The trial court refused to consider these two convictions and sentenced Randle pursuant to § 13A-5-9(b)(2).
On return to remand, the Court of Criminal Appeals held that although the evidence of the two prior convictions was improperly admitted at the original sentencing hearing, Randle was on notice of their existence, and, therefore, he would not have been prejudiced by their reintroduction in proper form upon resentencing. 554 So.2d 1137. The court remanded the case again with directions as to resentencing.
This Court granted Randle's petition for writ of certiorari to consider whether the double jeopardy clauses of the United States Constitution and the Constitution of Alabama of 1901 would prohibit the State, at resentencing, from offering evidence of prior convictions that it had failed to prove properly at the original sentencing hearing.
In a recent analogous case, Jackson v. State, [Ms. 3 Div. 538, June 30, 1987] (Ala.Crim.App. 1987), cert. denied, [Ms. 86-1442, Jan. 8, 1988] (Ala. 1988) (decision pending on return to remand), the State offered case action summaries as proof of prior convictions for the purpose of enhancement under the Habitual Felony Offender Act. The Court of Criminal Appeals held that the admission of the case action summaries was improper and remanded the case for resentencing:
 "In light of the fact that the appellant waived any failure to comply with the notice requirement, we hold that the recent decisions in Ex parte Glover, 508 So.2d 218 (Ala. 1987), and Ex parte Williams, 510 So.2d 135 (Ala. 1987), do not prevent the trial court from receiving additional evidence regarding any prior convictions for which the appellant has already received notice.
 "Based on the foregoing, the case is due to be, and it is hereby, remanded for a new sentencing hearing in which the state must properly prove any prior felony convictions [of] the appellant."
Jackson v. State, supra.
In this case, Randle was put on notice at the original sentencing hearing that the State intended to offer evidence of his prior felony convictions. He does not argue that notice was not given or that it was deficient. Absent a lack of notice to the defendant, a finding on appeal that the evidence of prior convictions previously introduced into evidence was insufficient due to improper certification will not bar, on remand, proof and use of the same convictions properly certified. Such a procedure, under the facts of this case, does not violate the double jeopardy clauses of the federal or state constitutions.
The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.