PATTERSON, Presiding Judge.
Debra Joyce Clackler and Owen Lamar Cooper, Sr., the appellants, were convicted of the murder of Raybon Clackler, a violation of § 13A-6-2, Code of Alabama 1975, and they were sentenced to 99 years’ imprisonment and to life imprisonment without parole, respectively. Together, the appellants have raised many issues. After reviewing the issues presented, we find all of them except one to be either without merit or procedurally barred. Cooper presents one issue which we find meritorious.
Cooper contends that the trial court erred by improperly sentencing him under the Alabama Habitual Felony Offender Act, § 13A-5-9, because the State failed to prove that the three convictions it offered into evidence for enhancement purposes were, in fact, felony convictions. The first two convictions presented by the State were 1963 convictions for the crime of grand larceny committed in Alabama. The certified copies of the prior convictions do not state the value of the property stolen. Therefore, Cooper argues that because no value is shown, it is not possible to determine whether the crime would be a felony under the present criminal code.
“Grand larceny was a felony under the old criminal code. Alabama Code Title 14 Section 331 (Recompiled 1958), defined grand larceny and fixed punishment at *1247 not less than one nor more than 10 years’ imprisonment in the penitentiary. The 1958 Code defined a felony as ‘a public offense which may be punished by death, or by imprisonment in the penitentiary.’ Title 1, Section 7. When punishment consists or may consist of a penitentiary sentence, the offense is a felony. Lashley v. State, 236 Ala.1, 180 So. 717 (1938).”
Lidge v. State, 419 So.2d 610, 614 (Ala.Cr.App.), cert. denied, 419 So.2d 616 (Ala.1982). See also Thompson v. State, 525 So.2d 820 (Ala.1985). In this case, the two grand larceny convictions used for enhancement purposes each fixed punishment at 13 months’ imprisonment in the penitentiary. Applying this court’s analysis in Lidge to these facts, the 13-month sentences of imprisonment in the penitentiary for the two prior convictions “would bring grand larceny within the definition of a felony under our new criminal code. Section 13A-1~2(4) provides that a felony is ‘(a)n offense for which a sentence to a term of imprisonment in excess of one year is authorized by this title.’ ” Lidge, 419 So.2d at 614. I interpreting A.R.Cr.P.Temp. 6(b)(3)(iv), our supreme court has stated:
“A conviction for an ‘offense’ committed in Alabama prior to January 1, 1980, or after January 1, 1980, for that matter, punishable by á sentence of more than one year, is a ‘felony conviction’; thus, the fact that a defendant was convicted in Alabama and received a sentence of more than a year would necessarily mean that the prior conviction is a ‘prior felony.’ ”
Thompson v. State, 525 So.2d at 826 (emphasis in original). Therefore, the trial court correctly used the two grand larceny convictions for enhancement purposes.
The third conviction presented by the state was a 1977 conviction in the United States District Court, Middle District of Alabama, for the federal crime of receiving and concealing a stolen motor vehicle, a violation of 18 U.S.C. § 2313 (1970). Cooper was sentenced to 5 years’ imprisonment on that conviction. As before, the record does not state the value of the property stolen. Therefore, Cooper argues that it is not possible to determine whether this crime would be a felony under the present Criminal Code.
“All felony convictions which occurred before the commission of the present felony are to be considered ‘regardless of their origin.’ Watson v. State, 392 So.2d 1274, 1279 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1280 (Ala.1981). See also James v. State, 405 So.2d 71, 74 (Ala.Cr.App.1981).”
Lidge v. State, 419 So.2d at 614.
“A conviction in any ... jurisdiction [other than Alabama], at any time, for a criminal act punishable in the other jurisdiction by a sentence exceeding one year, however, is not a ‘felony conviction’ unless the act ‘would have been’ punishable under our own criminal laws on or after January 1, 1980, by a sentence exceeding one year.”
Thompson, at 826 (emphasis in original).
“The first question to be answered in deciding whether a federal offense constitutes a felony for purposes of the Habitual Offender Act is whether there is a State counterpart for the federal crime. See generally Annot., 65 A.L.R.3d 586 (1975); Annot., 19 A.L.R.2d 232 (1951).”
Carter v. State, 420 So.2d 292, 297 (Ala.Cr.App.1982). The state “counterpart” to 18 U.S.C. § 2313 would be § 13A-8-17, -18, or -19 (receiving stolen property in the first, second, or third degree, respectively). A review of these sections of the Alabama Code reveals the importance of the value of the stolen property to the ultimate length of imprisonment, if any. As noted in the commentary to §§ 13A-8-17 through -19, “the value of the thing stolen is a primary factor in determining the degree.” Only receiving stolen property in the first and second degrees constitute felonies. § 13A-8-17(b), -18(b). Receiving stolen property in the third degree is a Class A misdemean- or. § 13A-8-19(b). Because we are unable, as was the trial court, to determine the value of the stolen property from the evidence presented by the state, we conclude that the state did not prove that the federal conviction would be a felony under Alabama law. Accordingly, we must remand Cooper’s case to the trial court for a *1248 new sentencing hearing. At the new sentencing hearing, if the state wishes to do so, it may offer additional evidence to properly prove that the federal conviction would be a felony conviction under the Alabama Code. See Randle v. State, 554 So.2d 1137 (Ala.Cr.App.1988), aff’d, 554 So.2d 1138 (Ala.1989), and cases cited therein. However, if the state fails to offer such additional proof, the federal conviction should not be used for enhancement purposes.
For the above reasons, appellant Clack-ler’s conviction and sentence are due to be, and they are hereby, affirmed. Appellant Cooper’s conviction is also due to be, and it is hereby, affirmed. However, on the record before us, Cooper’s sentence appears to be erroneous, and, therefore, this cause is remanded for a new sentencing hearing.
AFFIRMED AS TO APPELLANT CLACKLER; AS TO APPELLANT COOPER, JUDGMENT OF CONVICTION AFFIRMED, AND REMANDED FOR NEW SENTENCING.
All Judges concur.