KENNEDY, Justice.
We granted certiorari review in order to determine whether the trial court’s ruling on the State’s motion to consolidate was properly before the Court of Criminal Appeals on appeal and, if it was, to determine whether the trial court committed reversible error in entering that order, which violated Rule 15.4(b), A.R.Crim.P.Temp.
The defendant, Debra Joyce Clackler, was arrested, along with Owen Cooper, for the murder of Raybon Clackler. On November 17, 1989, the trial court entered an order setting the trial date for June 5, 1990. The trial court also ordered that all motions be filed by March 20, 1990. On May 21, 1990, the State filed a motion to consolidate the trials of Clackler and Cooper on the grounds that their indictments *1249 arose from the same act or transaction. The trial court scheduled a hearing on the motion for May 30,1990. Clackler objected to the motion to consolidate. (R.T.Supp. 3-15.) At the conclusion of this hearing, the trial court granted the State’s motion to consolidate.
On June 5, 1990, the consolidated trial began. The jury found Clackler and Cooper guilty of murder. On appeal, acting pursuant to Rule 10(f), A.R.App.P., Clack-ler moved on May 9, 1991, to supplement the original record with the transcript from the hearing on the motion to consolidate. The trial court granted the motion on May 9, 1991, and, on May 17, 1991, mailed the supplemental record to the Court of Criminal Appeals.
The Court of Criminal Appeals affirmed Clackler’s conviction in an unpublished memorandum opinion on September 20, 1991, stating in pertinent part as follows:
“Clackler’s contention that the trial court erred in granting the state’s motion to consolidate, because (1) the trial court violated its own pre-trial order concerning the filing of pre-trial motions by allowing the state to file its motion late, and (2) it ordered consolidation in violation of A.R.Cr.P.Temp. 15.4(b) is procedurally barred, see Ex parte Frith, 526 So.2d 880 (Ala.1987); Helms v. State, 478 So.2d 9 (Ala.Cr.App.1985).”
The unpublished memorandum of the Court of Criminal Appeals is noted at 609 So.2d 454. The Court of Criminal Appeals on September 20, 1991, also issued a published opinion affirming Clackler’s conviction, but discussing only an issue raised by her code-fendant Cooper. See Clackler and Cooper v. State, 612 So.2d 1246 (Ala.Cr.App.1991).
Clackler argues that the question regarding the motion to consolidate was properly before the Court of Criminal Appeals because, she says, she timely objected to the consolidation. The State argues that Clackler’s consolidation claim is procedurally barred from review because the original trial record contained no objection to the motion to consolidate.
We hold that the ruling on the motion to consolidate was properly before the Court of Criminal Appeals, because we conclude that Clackler made a timely objection to the motion. Pursuant to Rule 10(f), A.R.App.P., Clackler moved to supplement the record with the transcript from the hearing on the motion to consolidate. The trial court granted the motion, and the supplemental record clearly contains Clack-ler’s objection to the motion to consolidate. Therefore, the ruling on the motion to consolidate was properly before the Court of Criminal Appeals.
We now consider whether the trial court committed reversible error in failing to comply with the mandatory language of Rule 15.4(b), A.R.Crim.P.Temp.
Temporary Rule 15.4(b) provided:
“If defendants are charged in separate indictments, informations, or complaints, the court, on its own initiative or on motion of any party, may, no later than seven (7) days prior to trial, order that the defendants be joined for the purposes of trial if the defendants could have been joined in a single indictment, information, or complaint. Proceedings thereafter shall be that same as if the prosecution initially had been under a single indictment, information, or complaint. However, the court shall not order that the defendants be tried together without first providing the defendants and the prosecutor an opportunity to be heard.”
(Emphasis added.)
“[T]he purpose of Rule 15.4(b), Alabama Temporary Rules of Criminal Procedure, can only be served by strict compliance with it.” Ex parte Jones, 473 So.2d 545, 546 (Ala.1985).
Where the trial court orders a join-der of defendants, the trial court's order must be made no later than seven days before the trial. Faircloth v. State, 471 So.2d 485, 492 (Ala.Cr.App.1984), aff’d, 471 So.2d 493 (Ala.1985).
The trial court’s order joining the defendants for trial came only six days before the trial. The trial court committed reversible error in failing to strictly comply with Rule 15.4(b), A.R.Crim.P.Temp. Therefore, the judgment of the Court of Criminal Appeals is reversed and the cause *1250 is remanded for that court to order a new trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS and INGRAM, JJ., concur.
MADDOX and HOUSTON, JJ., dissent.