BOWEN, Presiding Judge.
William Sellers, Jr., the appellant, was separately indicted for first degree rape and first degree sodomy. The cases were consolidated for trial. A jury acquitted the appellant on the sodomy charge and convicted him for sexual abuse in the first degree as a lesser included offense on the rape charge. He was sentenced to 20 years’ imprisonment for this conviction. He raises four issues on this appeal.
I.
Sexual abuse in the first degree is a lesser included offense of rape in the first degree. See Hutcherson v. State, 441 So.2d 1048, 1052 (Ala.Cr.App.1983). The indictment need not separately allege any offense that is a lesser included offense of the offense charged. Black v. State, 586 So.2d 968, 970 (Ala.Cr.App.), cert. denied, 586 So.2d 970 (Ala.1991).
II.
The trial court granted the State’s motion and ordered the consolidation of the rape and sodomy indictments against the appellant four days before trial, which began on November 18,1991. This was error and a clear violation of Rule 15.3(b), A.R.Crim.P.Temp., which required that an order of consolidation be entered “no later than seven days prior to trial.” Ex parte Clackler, 612 So.2d 1248 (Ala.1992) (joinder of defendants); Ex parte Jones, 473 So.2d 545, 546 (Ala.1985).[1]
*688 However, we find this error to be harmless under the circumstances presented here. Both indictments involved the same victim and only one particular “incident” of alleged criminal conduct that occurred at one particular time and in one particular place. In the prosecution of the appellant for the rape of R.C., the evidence of the sodomy of R.C. by the appellant would have been admissible because the sodomy was inseparably connected with and was a part of the res gestae of the rape. See C. Gamble, McElroy’s Alabama Evidence § 69.01(3) (4th ed. 1991). Furthermore, the appellant was convicted only of sexual abuse in the first degree as a lesser included offense of rape in the first degree. “[T]here is no reversible error where the defendant was acquitted of the offense with respect to which the improper evidence was admitted, although he was convicted of another offense.” Leverett v. State, 462 So.2d 972, 977 (Ala.Cr.App.1984).
III.
The appellant was sentenced to 20 years’ imprisonment, the maximum legal sentence for a habitual offender with one prior felony conviction who is convicted of a Class C felony. See Ala.Code 1975, §§ 13A-6-66(b), 13A-5-9(a)(1), 13A-5-6(a)(2). On direct examination during the presentation of his defense, the appellant admitted that he had a prior felony conviction for burglary. At the time of the charged offenses, the appellant was on probation from that offense. The victim of the rape and sodomy was a ten-year-old female child. She testified that the appellant attempted to insert his penis into her vagina and rectum and that he forced his penis into her mouth. The 20-year sentence received by this appellant is nowhere near constitutionally excessive.
IV.
The appellant contends that the trial court improperly sentenced him as a habitual felony offender. A certified copy of the prior felony conviction was admitted into evidence without objection. R. 444-45. The record shows that the appellant was in fact represented by counsel in connection with this prior felony conviction. R. 441-42. Before the appellant was sentenced for sexual abuse in the first degree, his probation on the prior burglary conviction was revoked. This issue was not raised at trial and has not been preserved for review.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. We note that this "seven day" requirement is not included in Rule 13.3(c), A.R.Crim.P. By amendment effective April 21, 1992, those rules "govern all criminal proceedings, without regard to when the proceedings commenced.” Rule 1.5, A.R.Crim.P.