Rel: August 23, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

———————————————

## CR-2023-0399

———————————————

### R.E.F.

### v.

### State of Alabama

### Appeal from Houston Circuit Court
### (CC-18-2679, CC-18-2681, CC-18-2682, and CC-18-2683)

MINOR, Judge.

This appeal asks us to consider whether two of R.E.F.'s four convictions for first-degree sexual abuse, see § 13A-6-66, Ala. Code 1975, violate double-jeopardy principles when those convictions arose from acts that occurred during a single incident. We hold that there is no merit to

R.E.F.'s argument, but, because the probationary periods of R.E.F.'s split sentences exceed the maximum under the version of the Split-Sentence Act, see § 15-18-8, Ala. Code 1975, in effect when R.E.F. committed the offenses, we must remand this case for the circuit court to resentence R.E.F.

## FACTS AND PROCEDURAL HISTORY

In September 2018, a Houston County grand jury indicted R.E.F. for one count of first-degree rape, see § 13A-6-61, Ala. Code 1975 (Count 1, case no. CC-18-2679); one count of first-degree sodomy, see § 13A-6-63, Ala. Code 1975 (Count 2, case no. CC-18-2681); and two counts of first-degree sexual abuse, see § 13A-6-66, Ala. Code 1975 (Counts 3 and 4, case nos. CC-18-2682 and CC-18-2683, respectively). (C. 73-80.)

The State's evidence at trial tended to show the following: E.E. began living with her aunt, C.F., and C.F.'s husband, R.E.F., after E.E.'s mother died when E.E. was three years old. In 2016, R.E.F. became E.E.'s legal guardian after C.F. passed away. According to E.E., her relationship with R.E.F. changed when R.E.F. began sexually abusing her in January 2017. E.E. testified:

> "There was three separate occasions. The very first time it
> happened, he started—it was in the kitchen when he touched

me.   The other times was in his bedroom, when he said—supposedly said he had to talk to me one time.  And the other time, I went in there to ask for snack money for school."

(R. 80.)  The first incident occurred when E.E. was 13 years old.  R.E.F. and E.E. were sitting at the kitchen table, and E.E. was asking R.E.F. questions about sex.  E.E. testified that R.E.F. "went to the side of the kitchen … and he pulled his penis out."  (R. 78.)  R.E.F. told E.E. to touch his penis, but E.E. did not.  When R.E.F. sat back down at the table, E.E. told him she was going to bed and gave him a hug.  E.E. stated that R.E.F. put his hand down the back of her pants underneath her underwear "and then slowly went to the front.  And he asked if he could suck my breasts."  (R. 78-79.)  E.E. asked R.E.F. what he was doing and then went to bed.

The second incident occurred one evening when R.E.F. called E.E. into his bedroom to talk before she went to bed.  E.E. testified that, when she went into R.E.F.'s bedroom, "He started asking me if he could suck my boobs and he just started touching on me."  (R. 81.)  E.E. clarified that R.E.F. touched her "boobs and butt."  (R. 81.)

E.E. testified about the third incident:

"A. That time was when we were in his bedroom and I was standing close by the bed and he was sitting on his bed, I believe.  And he started asking me if he can put his penis in me.  And I said, 'No.'  And so, I sat on the bed anyway.  And

3

he stood up and then basically pushed me down and pulled my pants off.

> "Q. What happened after he pulled your pants off?
>
> "A. He licked down there and he penetrated."

(R. 81.) E.E. explained that R.E.F. put his mouth on her genital area and that he penetrated her vagina with his penis. The third and final incident occurred a few days before E.E. disclosed the abuse to her aunt, K.M., in April 2018.

After the State rested, R.E.F. moved for a judgement of acquittal, arguing that the State failed "to prove a prima facie case of two separate counts of sexual abuse first degree by forcible compulsion and then separately the rape first degree by forcible compulsion and sodomy first degree by forcible compulsion." (R. 186.) When the circuit court asked, "Just so I'm clear on your argument, the State didn't present evidence of separate and succinct events?", R.E.F. responded, "Yes, sir. Correct." (R. 186-87.) In response, the State argued:

> "… First, with the rape in the first degree, that we have testimony from [E.E.] that there was sexual intercourse, that he did penetrate her vagina with his penis, and that happened here in Houston County. …
>
> "….

"We did have testimony that there was sexual penetration that came from [E.E.] in her direct, as well as that there was oral sex to satisfy sodomy first. And then, to satisfy the sexual abuse firsts, we had testimony that one time at the kitchen, that he put his hands down her pants, started with the buttocks and started to move her (sic) hands around to the front of her vaginal area. That was under her undergarments, as well.

"And then we also had testimony from her that she was summoned to the bedroom where he touched her breasts and her butt. Both of those are considered, I guess, intimate parts, intimate areas, for purposes of sexual abuse in the first degree."

(R. 187-88.) The circuit court denied R.E.F.'s motion. After the defense rested, R.E.F. renewed his motion for a judgment of acquittal. The circuit court again denied the motion.

The jury convicted R.E.F. of first-degree sexual abuse as a lesser-included offense of first-degree rape as charged in Count 1 of the indictment; first-degree sexual abuse as a lesser-included offense of first-degree sodomy as charged in Count 2 of the indictment; and two counts of first-degree sexual abuse as charged in Counts 3 and 4 of the indictment. For each conviction, the circuit court imposed a sentence of 10 years' imprisonment and split the sentence and ordered R.E.F. to serve 2 years' imprisonment followed by 5 years' supervised probation; the sentences were ordered to run concurrently. R.E.F. timely appealed.

## I.    DOUBLE JEOPARDY

On appeal, R.E.F. asks this Court to remand his case to the circuit court for that court to vacate his conviction in either case no. CC-18-2679 (Count 1) or CC-18-2681 (Count 2).  He contends that the "jury verdicts for the lesser included offense of Sexual Abuse in the first degree are identical" and that "multiple acts constituting the same crime committed during the course of a single event cannot support separate convictions under double jeopardy principles."[1]   (R.E.F.'s brief, p. 7.)   R.E.F.'s argument lacks merit.

"'Where there is evidence of separate and distinct acts constituting separate criminal offenses, separate convictions and sentences may be legally had under multiple counts of an indictment.'"  Hendrix v. State, 589 So. 2d 769, 772 (Ala. Crim. App. 1991) (quoting Terrell v. State, 429 So. 2d 656, 659 (Ala. Crim. App. 1982)).  "The offense of sexual abuse may

---

[1]R.E.F. did not raise this issue in the circuit court; however, because it implicates the jurisdiction of the circuit court, R.E.F. may raise it for the first time on appeal.  See Jones v. State, 339 So. 3d 953 (Ala. Crim. App. 2020) (holding that Jones's claim that he could not be convicted of both first-degree rape and first-degree sexual abuse arising out of the same act presented a jurisdictional issue).

constitute a lesser included offense of either rape or sodomy." J.D.S. v. State, 587 So. 2d 1249, 1258 (Ala. Crim. App. 1991) (citing Hutcherson v. State, 441 So. 2d 1048, 1052 (Ala. Crim. App. 1983)); see also Sellers v. State, 624 So. 2d 686, 687 (Ala. Crim. App. 1993) ("Sexual abuse in the first degree is a lesser included offense of rape in the first degree."), and Holley v. State, 671 So. 2d 131, 132 (Ala. Crim. App. 1995) ("This court has held that sexual abuse in the first degree can be a lesser included offense of sodomy in the first degree.").

Under Count 1 of the indictment, case no. CC-18-2679, R.E.F. was charged with "engag[ing] in sexual intercourse with [E.E.], a female, by forcible compulsion," a violation of § 13A-6-61, Ala. Code 1975—i.e., first-degree rape. (C. 73.) Under Count 2 of the indictment, case no. CC-18-2681, R.E.F. was charged with "engag[ing] in deviate sexual intercourse with [E.E.] by forcible compulsion," a violation of § 13A-6-63, Ala. Code 1975—i.e., first-degree sodomy. (C. 75.) As noted above, E.E. testified at trial that during the third incident of abuse, R.E.F. put his mouth on her genital area and then penetrated her vagina with his penis. In response to R.E.F.'s motion for a judgment of acquittal, the State argued that E.E.'s testimony about the vaginal penetration supported the first-

degree-rape charge and that E.E.'s testimony about the oral sex supported the first-degree-sodomy charge. In case no. CC-18-2679, the jury acquitted R.E.F. of "Rape First Degree (Forcible Compulsion), as charged in the Indictment" and instead found R.E.F. "guilty of the lesser included offense of Sexual Abuse First Degree." (C. 206.) In case no. CC-18-2681, the jury acquitted R.E.F. of "Sodomy First Degree, as charged in the Indictment" and instead found R.E.F. "guilty of the lesser included offense of Sexual Abuse First Degree." (C. 207.)

When R.E.F. committed the offense, § 13A-6-66(a)(1), Ala. Code 1975, provided that "[a] person commits the crime of sexual abuse in the first degree if … [h]e subjects another person to sexual contact by forcible compulsion," and § 13A-6-60(3), Ala. Code 1975, defined "sexual contact" as "[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party."[2] The State presented evidence indicating that R.E.F.

---

[2]In 2019, the Alabama Legislature amended § 13A-6-60(3) to remove the phrase "not married to the actor" and to add the sentence "The term does not require skin to skin contact." Act No. 465, Ala. Acts 2019. The amendment to § 13A-6-66(a)(1) did not materially alter the language of that statute. We review R.E.F.'s claim under the versions of those statutes in effect in April 2018. See Minnifield v. State, 941 So. 2d

licked E.E.'s genital area <u>and</u> penetrated E.E.'s vagina with his penis—

i.e., that R.E.F. committed two separate and distinct acts of sexual abuse

against E.E. "Under our Code, multiple sex acts to minor children by

resident abusers do not merge into a single continuing offense; the

defendant can be convicted and punished for each separate act." <u>R.L.G.,</u>

<u>Jr. v. State</u>, 712 So 2d 348, 358 (Ala. Crim. App. 1997). R.E.F.'s

convictions for the lesser-included offenses of first-degree sexual abuse in

case nos. CC-18-2679 and CC-18-2681 did not, as R.E.F. claims, arise

from the same offense committed during a single incident. Thus, those

convictions do not violate double-jeopardy principles, and R.E.F. is due

no relief on this issue.

## II.   SENTENCING

Although neither R.E.F. nor the State argues on appeal that

R.E.F.'s sentences are unauthorized, this Court may take notice of an

unauthorized sentence on direct appeal, whether or not the issue is

raised. <u>Hunt v. State</u>, 659 So. 2d 998, 999 (Ala. Crim. App. 1994); <u>Pender</u>

<u>v. State</u>, 740 So. 2d 482 (Ala. Crim. App. 1999). Because the probationary

---

1000, 1001 (Ala. Crim. App. 2005) ("[T]he law in effect at the time of the commission of the offense controls the prosecution.").

periods for R.E.F.'s four convictions are unauthorized under § 15-18-8(b), Ala. Code 1975, we must remand this case for the circuit court to resentence R.E.F. for those convictions.

First-degree sexual abuse is a Class C felony offense. § 13A-6-66(b), Ala. Code 1975. When R.E.F. committed those offenses,[3] the sentencing range for a Class C felony was "not more than 10 years or less than 1 year and 1 day and must be in accordance with subsection (b) of Section 15-18-8 unless sentencing is pursuant to Section 13A-5-9[, Ala. Code 1975]."[4] § 13A-5-6(a)(3), Ala. Code 1975.[5]

When R.E.F. committed the offenses, Section 15-18-8(b) provided:

"Unless a defendant is sentenced to probation, drug court, or a pretrial diversion program, when a defendant is convicted of an offense that constitutes a Class C or D felony offense and receives a sentence of not more than 15 years, the

---

[3]The record shows that R.E.F. committed the offenses sometime between January 2017 and April 2018.

[4]The circuit court did not sentence R.E.F. as a habitual felony offender under § 13A-5-9.

[5]In 2023 the Alabama Legislature amended § 13A-5-6(a)(3) to remove the language "and must be in accordance with subsection (b) of Section 15-18-8 unless sentencing is pursuant to Section 13A-5-9." See Act. No. 2023-461, Ala. Acts 2023. Because "the law in effect at the time of the commission of the offense controls the prosecution," see Minnifield, 941 So. 2d at 1001, we review this issue under the versions of § 13A-5-6 and § 15-18-8 in effect between January 2017 and April 2018.

judge presiding over that case shall order that the convicted defendant be confined in a prison, jail-type institution, treatment institution, or community corrections program for a Class C felony offense … for a period not exceeding two years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of law to the contrary and that the defendant be placed on probation for a period not exceeding three years and upon such terms as the court deems best."

For each conviction, the circuit court sentenced R.E.F. to 10 years' imprisonment and split the sentence and ordered him to serve 2 years' imprisonment followed by 5 years' supervised probation; the confinement portions of those sentences were within the statutory range. But because the probationary periods exceeded the three-year maximum under § 15-18-8(b), we must remand this case to the circuit court for it to impose probationary periods on the split sentences for those convictions that comply with § 15-18-8(b). See Jackson v. State, 317 So. 3d 1018 (Ala. Crim. App. 2020).[6]

---

[6]In remanding this case for the circuit court to impose sentences that comply with §15-18-8(b), because the confinement portions of R.E.F.'s sentences were within the statutory range, the circuit court is without authority to change the underlying sentences. See Moore v. State, 871 So. 2d 106, 110 (Ala. Crim. App. 2003).

CONCLUSION

For the reasons above, we affirm R.E.F.'s convictions for first-degree sexual abuse, but we remand this case to the circuit court to impose probationary terms of no more than three years. Due return shall be filed with this Court no later than 42 days from the date of this opinion.

AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS.

Windom, P.J., and Kellum, McCool, and Cole, JJ., concur.